## G. W. NAGLE, JR. v. HERBERT BOSWORTH

(Filed 26 March, 1958)

**Bills and Notes § 18½ :     Trial § 31d—**

In this action on a note, defendant set up the affirmative defense of material alteration. The case was submitted to the jury on the two issues of execution of the note and the amount of recovery. *Held:* An instruction that the burden of proof on the first issue was on plaintiff to prove due execution of the instrument and on defendant to prove his defense of material alteration must be held prejudicial as tending to confuse the jury.

BOBBITT, J., concurs in result.

APPEAL by defendant from *Farthing, J.,* at December 1957 Regular Civil Term of BUNCOMBE.

Civil action to recover on promissory note.

Plaintiff alleges in his complaint that on or about 15 June, 1955, and for value received, defendant executed and delivered to him a certain promissory note bearing said date in the sum of $3,324.00, copy of which is attached to complaint, payable 1 January, 1956, and bearing interest from date at the rate of six per cent per annum; and that the whole of said note is due and payable after repeated demands and payment refused.

Defendant, answering, denies the material allegations as set forth in the complaint, and for further answer and defense, and by way of counterclaim for affirmative relief, defendant avers and says: That prior to 15 June, 1955, plaintiff and defendant were operating together as a partnership under an oral agreement; that on said date plaintiff and defendant signed a written dissolution of this partnership whereby defendant executed to plaintiff a note in the amount of three hundred twenty-four ($324.00) Dollars as consideration for the release of all plaintiff's rights to the assets of the partnership; and that on said date defendant handed to plaintiff $387.50 cash, which belonged to defendant, and requested that plaintiff deposit the same to defendant's account at the Bank of Asheville; that plaintiff agreed to do so, but that plaintiff took said sum of money and wrongfully converted it to his own use and failed and refused, and continues to fail and refuse to deliver same to defendant or to deposit the same in the bank to credit of defendant.

And "4. That defendant is advised, informed and believes, and so alleges, that the plaintiff has altered the note which the defendant issued to the plaintiff on June 15, 1955, as aforesaid, by adding the words 'Three Thousand' immediately before the words 'Three Hundred Twenty-Four' and by adding the figure '3' immediately preceding the figures '$324' on said note; that plaintiff made said altera-

tions on said note with the fraudulent intent and design to wrongfully deprive the defendant of his money.

"5. That in truth and in fact the defendant is not indebted to the plaintiff, but rather plaintiff is indebted to the defendant in the sum of $53.50, together with interest on the same from June 15, 1955.

"Wherefore, this answering defendant prays the court as follows:

"1. That the plaintiff take nothing by this action and that the same be dismissed.

"2. That the defendant have and recover of the plaintiff the sum of $53.50, together with interest from June 15, 1955, until paid * * *."

Upon trial in the Superior Court the following proceedings were had:

Plaintiff identified, and offered testimony tending to prove the execution by defendant and delivery to plaintiff of a paper writing purporting to be a promissory note under seal, for one-half interest in property of a partnership existing between them, all as alleged in the complaint, payment of which is due, and refused by defendant. And after offering the paper writing in evidence plaintiff rested his case.

Defendant, thereupon reserving exception to denial of his motion for judgment as of nonsuit then made, testified and offered evidence tending to support the averments and the counterclaim set forth in his answer.

The case was submitted to the jury upon these two issues which the jury answered as indicated.

"1. Did the defendant execute and deliver to the plaintiff for valuable consideration a note in the amount of $3,324.00, as described in the complaint? Answer: Yes.

"2. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: $3,324.00."

Defendant tendered two other issues pertaining to his counterclaim, which the court refused to submit.

Defendant excepted to judgment on the verdict rendered, and appeals to Supreme Court and assigns error.

*Williams & Williams, William C. Morris, Jr., for Plaintiff Appellee*
*McLean, Gudger, Elmore & Martin for Defendant Appellant.*

WINBORNE, C. J. Among the assignments of error defendant, appellant, stresses for error several portions of the charge, particularly with respect to the burden of proof,—all of which it would seem arise out of the difficulty in submitting the case on the first issue as it relates to both allegations of the complaint, and as affirmative defenses of defendant, upon the first issue, that is, upon one issue rather than two or more. For instance, the court stated: "Now, ladies and gentle-

men of the jury, the court will mention burden of proof to you. The burden of proof on the first issue, *on the first part of it,* is on the plaintiff * * * (emphasis inserted)." Just what is meant by the phrase emphasized, is not clear, for the issue is not divided into parts.

And, again, defendant points to these instructions: "Now, if the plaintiff has satisfied you from the evidence, and by its greater weight, that the defendant did execute this note and deliver it to the plaintiff, in the amount of $3,324.00, as described in the complaint, then the plaintiff makes out what we call a *prima facie* case in his favor and shifts the burden of proof then over to the defendant. The defendant must then go forward to satisfy you from the evidence, and by its greater weight, that he insists and contends here the note was altered, materially altered, a material alteration in this note, and the court charges you that where a negotiable instrument is materially altered without the assent of all parties liable thereon it is avoided, except as against the party who has himself made, authorized or assented to the alterations, and subsequent endorsers." And again, "So if the defendant has satisfied you from the evidence and by its greater weight that there was a material alteration in this note, as the defendant insists and contends, then it would be your duty to answer that issue No."

Considering these portions of the charge it is problematical as to whether an average citizen would be able to differentiate the dual burden of proof, thus set forth, upon the single issue. Therefore, this Court is of opinion and holds that the exceptions so pointed out are meritorious, and that a new trial is in order. In so ordering, it is suggested that separate issues as to affirmative pleas set up in defendant's answer, and supported by evidence, be submitted.

For reasons stated, let there be a

New Trial.

BOBBITT, J. concurs in result.