STATE v. JOHN BANGLE CORL.

(Filed 6 May, 1959.)

**1. Criminal Law § 154—**

An assignment of error to the action of the court in discharging certain jurors cannot be considered when the record fails to show any exception to the action of the court, since an assignment of error must be supported by an exception duly noted.

**2. Criminal Law § 159**

An assignment of error not discussed in defendant's brief is deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**3. Jury § 11—**

An objection to the action of the court in summarily discharging seven jurors who had been excused by the State and defendant, is untenable, it not appearing that defendant was prejudiced thereby.

**4. Automobiles § 3—**

In a prosecution of defendant for operating a motor vehicle on the public highways after his operator's license had been revoked or during a period it had been suspended, the State may introduce that part of the certified record of the Department of Motor Vehicles showing that defendant's operator's license had been revoked and that such revocation was in effect at the time the alleged offense was committed, and further, an exception to the testimony of a patrolman that he had the certified copy of the official record under seal, is feckless.

**5. Criminal Law § 156—**

An assignment of error that the court failed to instruct the jury in accordance with the provisions of G.S. 1-180, is ineffectual as a broadside assignment of error.

**6. Criminal Law §§ 133, 169—**

Where cumulative sentences are imposed upon conviction for separate offenses, the judgment should specify in what order the respective sentences are to be served, and when the judgment provides only that each sentence should run consecutively and not concurrently with the other sentences, the cause must be remanded for proper sentences.

APPEAL by defendant from *Johnston, J.,* October Term, 1958, of CABARRUS.

These are two cases against the defendant that came to the Superior Court by appeal of the defendant from the county recorder's court of Cabarrus County. The warrant in each case charges the defendant on 1 April 1958 with a violation of a statute regulating the operation of automobiles on the public highways of the State, both misdemeanors, to wit: one, the unlawful operation of an automobile upon the public highways of the State at a rate of speed of over 100 miles an hour, a violation of G.S. 20-141, and the other with unlawfully operating an automobile upon the public highways of the State while his operator's license to operate a motor vehicle was revoked, a violation of G.S. 20-28.

In the Superior Court the two cases were consolidated for trial. *S. v. Waters,* 208 N.C. 769, 182 S.E. 483. Defendant pleaded Not Guilty. Verdict of the jury: Guilty as charged in each case.

From a judgment of imprisonment in each case, defendant appeals.

*Malcolm B. Seawell, Attorney General, and Lucius W. Pullen, Assistant Attorney General, for the State.*
*Robert L. Warren for defendant, appellant.*

PARKER, J.   The State offered evidence: the defendant none. The State's evidence was amply sufficient to carry the case to the jury in both cases, and to uphold the jury's verdict of guilty as charged in each case. Defendant states in his brief: "This appellant in good conscience cannot argue that there was not sufficient evidence to make a case for the jury, therefore, Exceptions 6 and 7 (motions for judgment of nonsuit) are abandoned."

This appears in the Record: "When the jury was impaneled the Judge summarily discharged seven jurors who had been excused by the State and defendant." To this the defendant did not except. Nothing else in respect to this appears in the Record, except that the defendant in his assignments of error assigns this discharge of seven jurors as error, and states this is his Exception Number 1. In the first headnote in our Reports in *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223, this is said: "Exceptions which appear nowhere in the record except under the assignments of error are ineffectual, since an assignment of error must be supported by exception duly noted." Further, in defendant's brief no reason or argument is stated, or authority cited in support of this assignment of error, as is required by Rule 28, Rules of Practice in the Supreme Court. 221 N.C. 544, 563; *S. v. Hart,* 226 N.C. 200, 37 S.E. 2d 487. Black's Law Dictionary, 4th Ed., defines summarily thus: "Without ceremony or delay, short or concise." In addition, it does not appear that defendant was prejudiced by the court's action. This assignment of error is without merit.

Defendant's assignment of error Number 2 is to the court permitting a State Highway Patrolman to testify that he had a certified copy of the official record of the Drivers License Division of the North Carolina Department of Motor Vehicles, and that it was certified and under seal. This assignment of error is overruled.

Defendant's assignment of error Number 3 is to the court's ruling permitting the State to introduce in evidence "that part of the certified copy which states that the driver's license of John Bangle Corl, Route I, Concord, was revoked by the State Department of Motor Vehicles two additional years to prior revocation, from October 31, 1957, to October 31, 1959. Patrolman C. L. Creech. Served on May 30, 1954." This assignment of error is overruled on authority of the opinion written for the Court by *Denny, J.,* in *S. v. Corl,* filed this day, *ante* p. 252, 108 S.E. 2d 608.

Defendant's assignment of error Number 7 is to the court's failing to instruct the jury in accordance with the requirements of G.S. 1-180. This assignment of error is untenable. It is a broadside exception. *S. v. Webster,* 218 N.C. 692, 12 S.E. 2d 272; *S. v. Triplett,* 237 N.C. 604, 75 S.E. 2d 517; *Tillman v. Talbert,* 244 N.C. 270, 93 S.E. 2d 101.

All defendant's assignments of error are overruled. However, the cases must go back for proper sentences.

In the Record, the speeding case appears as Number 7069, and the driving after revocation of license case appears as Number 7070.

The sentence in Case Number 7069 is imprisonment for 60 days, to run consecutive with, and not concurrent with, prison sentences pronounced this day in cases numbered 6711, 6712, 7070, 7268 and 7270. The sentence in Case Number 7070 is imprisonment for 15 months, to run consecutive with, and not concurrent with, prison sentences pronounced this day in cases numbered 6711, 6712, 7069, 7268 and 7270.

Appeals in all of these cases are now pending in this Court. In reference to all these cases, *Denny, J.,* said in *S. v. Corl, supra,* in which cases numbered 6711 and 6712 were consolidated for trial: "In none of the judgments was it specified in what order the respective sentences were to be served." Upon authority of the Court's opinion written by *Denny, J.,* in that case, it is ordered that the sentence in each case here be vacated, and that each case be remanded to the Superior Court of Cabarrus County for proper sentences upon the jury's verdict.

Remanded for Proper Sentences.