LIZZIE SWAIM CREED v. SHERMAN ANDREW WHITLOCK.

(Filed 6 April, 1960.)

**1. Trial § 49—**

Motion to set aside the verdict as being contrary to the greater weight of the evidence is addressed to the discretion of the trial court.

**2. Appeal and Error § 42—**

An exception to the charge will not be sustained when the charge, considered contextually, is without prejudicial error.

**3. Appeal and Error § 24—**

An assignment of error to the court's failure to charge the law and explain the evidence as required by statute is a broadside exception and will not be considered.

APPEAL by plaintiff from *Gambill, J.,* September Civil Term, 1959, of WILKES.

Personal injury action growing out of a collision that occurred January 12, 1958, about 12:30 p.m., on the Traphill Road, between a 1952 Chevrolet, operated by plaintiff, and a 1950 Chevrolet, owned and operated by defendant. Prior to the collision, both cars were proceeding in the same (north) direction, the car operated by defendant following the car operated by plaintiff. The collision occurred when plaintiff was in process of making a left turn into the driveway to her home and defendant was in process of overtaking and passing plaintiff.

Issues of negligence, contributory negligence and damages, raised by the pleadings, were submitted to the jury. The jury answered the negligence issue, "Yes," and answered the contributory negligence issue, "Yes," and did not reach the issue relating to plaintiff's alleged damages.

Judgment for defendant, in accordance with the verdict, was entered. Plaintiff excepted and appealed.

*Parks G. Hampton and Whicker & Whicker for plaintiff, appellant.*
*W. G. Mitchell for defendant, appellee.*

PER CURIAM. Plaintiff's motion that the court "set aside the verdict as being against the greater weight of the evidence, and for a new trial," was addressed to the court's discretion; and plaintiff's assignment of error No. 1, directed to the denial of said motion, is untenable.

Plaintiff's assignment of error No. 2, based on her exception to the signing of the judgment, is formal.

When the charge is considered contextually, the portions thereof

to which plaintiff's assignments of error Nos. 3, 4, 5, 6, 7, 8 and 9 are directed do not disclose prejudicial error. It is noted: Pertinent to the contributory negligence issue, the conflict in the evidence related to whether plaintiff did or did not give a signal of her intention to make a left turn, not to the sufficiency or insufficiency of such signal.

Plaintiff's assignment of error No. 10 is to the court's failure "to charge the law and explain the evidence required under General Statutes 1-180." This assignment is broadside and untenable. *S. v. Corl,* 250 N.C. 262, 265, 108 S.E. 2d 613, and cases cited; Strong, N. C. Index, Vol. 1, Appeal and Error § 24.

Upon conflicting evidence, the case was properly submitted for jury determination; and it appears "that the law of the case was presented to the jury in such manner as to leave no reasonable cause to believe that it was misled or misinformed in respect thereto." *Vincent v. Woody,* 238 N.C. 118, 121, 76 S.E. 2d 356.

No error.