ROBERT MOORE, IRENE MOORE, MARTHA MANN, WILLIAM MANN, ALICE McNAIR, ARTHUR McNAIR, WILLIAM MOORE, BESSIE MOORE, HATTIE GEE, ALEXANDER GEE v. EDWARD L. OWENS, TRUSTEE, AND A. LLOYD OWENS.

(Filed 20 September, 1961.)

**1. Appeal and Error § 24—**

An assignment of error to peremptory instructions given by the court in favor of defendant and an assignment of error to the refusal of the court to give peremptory instructions in favor of plaintiff will not be considered when there is no exception supporting the assignments of error and no prayer for special instructions.

**2. Appeal and Error § 19—**

An assignment of error not supported by an exception is ineffectual.

**3. Appeal and Error § 21—**

A sole exception to the judgment presents for review only whether error of law appears on the face of the record, and this includes whether the judgment is regular in form and supported by the verdict.

**4. Same—**

Where the verdict is certain and imports a definite meaning free from ambiguity and is sufficient in form and substance to support the judgment, which is definite in terms and regular in form, a sole exception to the signing of the judgment cannot be sustained.

APPEAL by plaintiffs from *Bone, J.,* April 1961 Civil Term of WASHINGTON.

Civil action to restrain the sale by the trustee of land under a deed of trust on the alleged ground that such a sale under the deed of trust is barred by G.S. 45-21.12(a).

The jury found by its verdict that foreclosure under the power of sale contained in the deed of trust from Stewart Moore, Jr., to Edward L. Owens, Trustee, was not unlawful and forbidden by G.S. 45-21.12, that the deed of trust from Stewart Moore, Jr., to Edward L. Owens, Trustee, is conclusively presumed to have been complied with or the debt secured thereby paid as against the plaintiffs Robert Moore and Irene Moore, as to a part of the land conveyed to them by Stewart Moore, Jr., and that the said deed of trust is not conclusively presumed to have been complied with or the debt thereby secured paid as to the lands described in the complaint other than the lands conveyed by Stewart Moore, Jr., to Robert Moore and wife, Irene Moore.

The court entered judgment upon the verdict that the deed of trust from Stewart Moore, Jr., to Edward L. Owens, Trustee, dated 27 April 1927, registered in the register of deeds' office of Washington County in Book 74, page 430, is still valid and subsisting, and is a lien according to its terms upon the land therein described and conveyed,

save and except the portion thereof conveyed by Stewart Moore, Jr., to Robert Moore and Irene Moore by deed dated 10 June 1957, and registered in the register of deeds' office of Washington County in Book 181, page 475, from which portion of land the lien of the deed of trust was discharged by presumption arising under the provisions of G.S. 45-37, subsection 5, and that the defendants Edward L. Owens, Trustee, and A. Lloyd Owens, owner of the debt secured by the deed of trust, have a right to foreclose the deed of trust and exercise the power of sale therein according to its terms, except as to the part of the land which was conveyed by deed from Stewart Moore, Jr., to Robert Moore and Irene Moore. The judgment further provided that the order before entered restraining the exercise of the power of sale is vacated, except as to the part of the land conveyed by deed from Stewart Moore, Jr., to Robert Moore and Irene Moore, and as to such part of the land, the order before entered is made permanent. The judgment ordered the defendants to pay the costs.

From the signing of the judgment plaintiffs, other than Robert Moore and Irene Moore, appeal.

*Charles V. Bell and Peter H. Bell for plaintiffs, appellants.*
*Bailey & Bailey and W. M. Darden for defendants, appellees.*

PARKER, J. Appellants have two assignments of error: One, the court committed error in refusing to charge the jury as a matter of law, to answer all the issues in favor of plaintiffs and against defendants, Two, the court committed error in charging the jury peremptorily to answer the first and third issues No. These two assignments of error are not supported by any exception anywhere in the record, not even under the assignments of error. Plaintiffs tendered to the court no prayer for instructions.

This Court has universally held that an assignment of error not supported by an exception is ineffectual. Exceptions which appear nowhere in the record except under the assignments of error are worthless and will not be considered on appeal. *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223, and cases there cited; *Rigsbee v. Perkins,* 242 N.C. 502, 87 S.E. 2d 926; *Tynes v. Davis,* 244 N.C. 528, 94 S.E. 2d 496; *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *In re McWhirter,* 248 N.C. 324, 103 S.E. 2d 293; *S. v. Corl,* 250 N.C. 262, 108 S.E. 2d 613; *Tanner v. Ervin,* 250 N.C. 602, 109 S.E. 2d 460; *Watters. v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1.

This Court said in *Rigsbee v. Perkins, supra:* "And the rule is that only an exception previously noted in the case on appeal will serve to

present a question of law for this Court to decide." Further discussion is unnecessary.

An exception to a judgment raises the question whether any error of law appears on the face of the record. This includes the question whether the facts found and admitted are sufficient to support the judgment, or whether the judgment is regular in form and supported by the verdict. *Coulbourn v. Armstrong*, 243 N.C. 663, 91 S.E. 2d 912; *Goldsboro v. R. R.*, 246 N.C. 101, 97 S.E. 2d 486; Strong's N. C. Index, Vol. I, Appeal and Error, Section 21, page 91 *et seq.*, where numerous cases are cited.

This Court said in *Wynne v. Allen*, 245 N.C. 421, 96 S.E. 2d 422: "Plaintiff's exceptions and assignments of error only suffice to challenge the correctness of the judgment. . . . If the answers to the issues, when correctly interpreted, are sufficient in law to support the judgment, plaintiff must fail in his appeal; but if, when so interpreted, they fail to support the judgment, it must be vacated in order that the rights of the parties may be adjusted in accordance with law."

The issues submitted to the jury arise upon the pleadings and the evidence. The verdict here is certain, imports a definite meaning free from ambiguity, and is sufficient in form and substance to support the judgment entered, which is definite in terms, capable of execution, and regular in form. No error of law appears on the face of the judgment. The sole exception in the record is to the signing of the judgment.

The judgment below is
Affirmed.