IN RE WILL OF SUMMERLIN.

IN THE MATTER OF THE WILL OF
LANIE ROUSE WILLIAMS SUMMERLIN, DECEASED.

(Filed 18 October, 1961.)

1. Appeal and Error § 19—

The rule requiring that an assignment of error be supported by an exception duly noted in the record is mandatory and will be enforced.

2. Judgments § 22—

A judgment may not be set aside under G.S. 1-220 on the ground that the judgment was taken against movant through his mistake, surprise, or excusable neglect when the motion to set aside the judgment is not made until more than one year after its rendition.

3. Appeal and Error § 21—

A sole exception to the order denying a motion to set aside a judgment presents only whether error of law appears on the face of the record proper, which includes whether the judgment sought to be set aside is regular in form and supported by the verdict.

4. Judgments § 27: Wills § 25— Sole exception to order denying motion to set aside judgment will not be sustained when no error of law appears on face of record.

Where the record discloses that a court having jurisdiction entered judgment for propounder upon the verdict of the jury establishing that the paper writing was executed according to the formalities required by law, that testatrix had sufficient mental capacity to execute same, and that it was not procured by undue influence, the denial of a motion to set aside the judgment on the ground that it was in fact a consent judgment will not be disturbed upon a sole exception to the order denying the motion, there being nothing in the record to suggest that movant asked the court to hear any evidence, offered to present any, or asked the court to find any facts, and there being no error of law appearing upon the face of the record proper in the caveat proceeding.

5. Wills § 12—

The filing of a caveat to a paper writing propounded in common form confers jurisdiction on the Superior Court to try the issue of *devisavit vel non* raised by the caveat.

6. Courts § 3—

The Superior Court of a county is a court of general State-wide jurisdiction.

APPEAL by movent from an order of *Mintz, J.,* denying his motion in the cause at April 1961 Term of LENOIR.

*John G. Dawson, Alvin Outlaw and George B. Greene for Propounders, Appellees.*

*Charles L. Abernethy, Jr., for Appellant (Caveator-Movent), L. S. Summerlin.*

PARKER, J. This appears on the face of the record proper:

Lanie Rouse Williams Summerlin, a resident of Lenoir County, died testate on 26 August 1954. On 31 August 1954 her purported will was admitted to probate in common form, and testamentary letters were issued by the court to the executrix therein named.

On 5 January 1955 Lewis S. Summerlin, husband of the deceased testatrix, filed a caveat to the purported will of his deceased wife, in which he alleged that it was not her last will and testament, because its execution was procured by undue influence on the part of some of the propounders, and because of lack of testamentary capacity. The propounders filed an answer denying the allegations of undue influence and lack of testamentary capacity, and averring the purported will was valid as her last will and testament.

The issue of *devisavit vel non* raised by the caveat came on to be heard before Stevens, J., and a jury at 7 October 1957 Term of Lenoir County. The jury found by its verdict that the paper writing propounded was executed by Lanie R. Williams Summerlin according to the formalities required by law to make a valid last will and testament, that at the time of the execution of the paper writing Lanie R. Williams Summerlin had sufficient mental capacity to make and execute a valid last will and testament, that it was not procured by undue influence, and that the paper writing propounded, and every part thereof, is the last will and testament of Lanie R. Williams Summerlin, deceased.

Judge Stevens signed a judgment, in which after reciting that this caveat came on to be heard before him and a jury, and after being heard, the following issues were submitted to and answered by the jury as follows, and then after setting forth the issues and the answers by the jury thereto verbatim, he ordered and decreed that the paper writing propounded as the last will and testament of Lanie R. Williams Summerlin, and every part and clause thereof, is her last will and testament.

On 22 April 1960 Lewis S. Summerlin, the caveator, filed a motion in the cause praying that the court vacate the judgment heretofore entered sustaining his deceased wife's will on the alleged grounds: one, the judgment was taken against him through his mistake, inadvertence, surprise, or excusable neglect; two, the judgment entered was not based upon findings of fact or the answering of issues by a jury; three, his attorney had no power or authority to enter into any consent judgment and "in fact entered into the judgment at a time and after the caveator had objected to the terms"; four, the court was without jurisdiction to enter the judgment. Propounders filed an answer denying the motion's allegations.

The motion came on to be heard before Judge Mintz, who entered an order denying it. Movent excepted to the signing of the order, and appealed to the Supreme Court. This is the only exception movent has.

Movant assigns as errors that Judge Mintz found no facts, and that he erred in not hearing any evidence, though movent and witnesses were present for the purpose of testifying. However, these assignments of error are not before us for decision for the reason that they are not supported by any exception, and we have held repeatedly that an assignment of error not supported by an exception will be disregarded. The rule is mandatory and will be enforced. Our cases to that effect are legion. *Webb v. Gaskins,* 255 N.C. 281, 121 S.E. 2d 564, where many of the cases are cited; *Moore v. Owens,* 255 N.C. 336, 121 S.E. 2d 540; *Wilson v. Charlotte,* 206 N.C. 856, 175 S.E. 306.

Nevertheless we note these facts: Movant prays that the judgment be vacated, but he does not request that the jury's verdict be vacated. There is nothing in the record to suggest that movant asked Judge Mintz to hear any evidence, or offered to present any, or asked him to find any facts. Movent cannot avail himself of the provisions of G.S. 1-220 in respect to relief from a judgment taken against him through his mistake, etc., because the judgment was entered at the 7 October Term 1957, and the motion was filed 22 April 1960.

Movant's exception to the order denying his motion, which is the only question presented for decision, raises the question whether any error of law appears on the face of the record proper. This includes the question whether the judgment movent prays be vacated is regular in form and supported by the verdict. *Webb v. Gaskins, supra,* and cases cited; *Moore v. Owens, supra;* Strong's N. C. Index, Vol. I, Appeal and Error, § 21, page 91, *et seq.,* where numerous cases are cited.

It is manifest from the face of the record proper that the superior court of Lenoir County had jurisdiction over the subject matter of the proceeding and of the necessary parties thereto, the exercise of which jurisdiction by it upon a matter of which it had power to take cognizance was invoked by movent, when he filed the caveat. Further, the superior court of Lenoir County is a court of general state-wide jurisdiction, *Jackson, Long, Johnson, Evans, Swann v. Bobbitt,* 253 N.C. 670, 117 S.E. 2d 806, and a *prima facie* presumption of rightful jurisdiction arises from the fact that a court of general jurisdiction has acted in the matter, *Williamson v. Spivey,* 224 N.C. 311, 30 S.E. 2d 46.

The face of the record proper shows that the jury heard the issue of *devisavit vel non* raised by movant's caveat, and answered the issues submitted to them. Judge Stevens' judgment is in accord with

and supported by the jury verdict. No error of law appears upon the face of the record proper. Judge Mintz's order is regular in form. The order of the lower court is

Affirmed.