RUBY DODSON MANGUM v. CHARLES YOW AND ZEDDIE BENSON BLAKELY.

AND

JAMES M. MANGUM v. CHARLES YOW AND ZEDDIE BENSON BLAKELY.

(Filed 15 January, 1965.)

**Trial § 51—**

The discretionary refusal to set aside a verdict as being contrary to the weight of the evidence will not be disturbed when the evidence on the crucial point is conflicting so that the verdict depends upon the resolution of factual controversy, which is peculiarly the province of the jury.

APPEAL by plaintiffs from *Olive, J.*, June 1964 Session of ORANGE.

A Ford automobile owned by male plaintiff, operated by *feme* plaintiff, and a tractor trailer owned by defendant Yow, operated by his agent Blakely, collided on U.S. 15 early on the morning of June 29, 1961.

Plaintiffs, asserting the collision was caused by defendant Blakely's negligent operation of the tractor trailer, brought these actions for compensation for the personal injuries sustained by *feme* plaintiff, and the damage to the automobile.

Defendants denied plaintiffs' allegation of negligence. As a defense, and for affirmative relief, they alleged the collision was caused by the negligence of Mrs. Mangum. Yow prayed for compensation for the damage done the truck; Blakely sought compensation for personal injuries.

By consent, the causes were consolidated for trial. Issues, based on the allegations in the pleadings, to fix responsibility for the collision and damages, were submitted to a jury. It found defendants were not negligent; defendants were damaged by the negligence of plaintiffs as alleged in the answers. It fixed the sum each defendant was entitled to recover.

Plaintiffs moved to set the verdict aside as contrary to the weight of the evidence. The motion was denied. Judgment was entered on the verdict. Plaintiffs appealed.

*Phipps & Peele for plaintiff appellants.*
*Claude Bittle for defendant appellees.*

PER CURIAM. Appellants, conforming to the requirements of Rule 27½ of this Court, 254 N.C. 809, state as the question presented by the appeal: "Did the trial judge abuse his discretion in failing to grant plaintiffs' motion to set aside a verdict as being contrary to the weight of the evidence and in signing the judgment for the defendants as set out in the record?"

Both plaintiffs and defendants offered evidence to support their respective contentions. The parties are in agreement with respect to these facts: U. S. 15 runs north and south. Both vehicles were traveling north. The highway has two lanes, one for southbound traffic, the other for northbound traffic. The Mangums live on Christopher Road. This is west of and parallels the highway. Mrs. Mangum came on the highway half or three-quarters of a mile south of the point where the vehicles collided. She was on her way home. When she came on the highway, she saw the lights of a motor vehicle to the south. The vehicles collided in their left hand lane. Mrs. Mangum, in order to reach her home, had to make a left turn and leave the highway.

There is a conflict in the evidence with respect to signals, if any, given by Mrs. Mangum indicating her intention to make a left turn. There is also a conflict as to the relative position of the vehicles when Mrs. Mangum pulled to her left intending to leave the highway. Plaintiffs' evidence would support a finding that Mrs. Mangum gave the required signal indicating her intent to turn left at a time when she could safely do so.

Defendants' evidence is to the effect that Blakely turned into the left lane intending to pass the Ford. Mrs. Mangum had not then given any signal of an intent to turn left. She had been warned of defendant's intention to pass by a repeated blinking of the trailer lights. If *feme* plaintiff ever gave any signal of her intent to turn, it was given when Blakely, because of the position of the two vehicles, could not see the signal. His vehicle was within 10 feet of the rear of the Ford car when the driver suddenly pulled to her left.

History teaches that a jury can best settle factual controversies, and for that reason jury trials "ought to remain sacred and inviolable." N. C. Constitution, Art. 1, § 19.

Plaintiffs insist that skid marks made by the tractor-trailer establish beyond question that their version of how the collision occurred is correct.

The jury had the responsibility of weighing all of the evidence, including the testimony describing the skid marks and other physical facts, before answering the issues submitted to them. We find nothing in the record to show a failure by the jury to perform its duty. That being so, it follows the trial judge was not under a duty to set the verdict aside.

No error.