EMMETT D. WILKINS v. GEORGE E. TURLINGTON AND PANZIE C. TURLINGTON.

(Filed 14 February, 1966.)

**1. Trial § 21—**

On motion to nonsuit defendants' counterclaim, the evidence must be considered in the light most favorable to defendants, and evidence favorable to plaintiff disregarded.

**2. Automobiles § 41h—**

The drivers of the first and fourth vehicles proceeding in the same direction were involved in the collision in suit. The evidence tended to show that the driver of the fourth vehicle while having a clear view of the left lane for approximately half a mile undertook to pass the others, blowing her horn successively before passing the third and second vehicles, that when she was immediately to the rear of the first vehicle the driver thereof, without signal, made a left turn across her lane of travel to enter a private drive. *Held:* The evidence is sufficient to be submitted to the jury on the issue of negligence of the driver of the first vehicle.

**3. Appeal and Error § 20—**

Where one driver contends that the other driver was negligent in respect to speed but there is no evidence as to such speed, the act of the court in reading the provisions of G.S. 20-141(c) is favorable to the first driver and he may not complain thereof.

**4. Automobiles § 46.1—**

Where the court in regard to plaintiff's action submits issues of negligence, contributory negligence and damages, but as to defendants' counterclaims submits only issues of negligence of plaintiff and damages, and there is no objection to the issues submitted, the answer of the jury to the first issue determines the question of defendants' negligence, and the failure of the court to submit issues of contributory negligence in respect to the counterclaims will not be held for error.

**5. Trial § 37—**

 A party may not complain of the failure of the court to submit a contention not supported by allegation.

**6. Appeal and Error § 24—**

 An exception to an excerpt from the charge does not ordinarily challenge the omission of the court to charge further on the same or any other aspect of the case.

**7. Trial § 10—**

 Remarks of the court in the presence of the jury and questions asked by the court of certain witnesses for the purpose of clarification, *held* not to amount to an expression of opinion by the court upon the evidence under the facts of this case.

**8. Trial § 51—**

 Motion to set aside the verdict as being contrary to the greater weight of the evidence is addressed to the discretion of the trial court and its ruling thereon will not be reviewed in the absence of a showing of abuse.

APPEAL by plaintiff from *Carr, J.,* August 1965 Civil Session of HARNETT.

Plaintiff's action and defendants' counterclaims grow out of a collision that occurred July 12, 1963, about 6:00 p.m., on U. S. Highway No. 70 (#70), between an International dump truck owned and operated by plaintiff and a Chevrolet owned by defendant George E. Turlington and operated by his wife, defendant Panzie C. Turlington.

Plaintiff's action is to recover for personal injuries and property damage allegedly caused by the negligence of defendants in specified particulars. Defendants denied negligence, interposed a conditional plea of contributory negligence, and asserted counterclaims in which they alleged the negligence of plaintiff in specified particulars was the sole proximate cause of the collision, the counterclaim of Mrs. Turlington being for personal injuries and that of Mr. Turlington being for property damage. Plaintiff, by reply, denied all essential allegations of defendants' counterclaims.

It was admitted that Mr. Turlington is liable under the family purpose doctrine for the negligence, if any, of Mrs. Turlington.

Where the collision occurred, #70 is a two-lane highway. It runs generally east and west and is straight and level. It was daylight when the collision occurred and the road was dry.

Plaintiff's truck was the first of four vehicles proceeding west along #70. The second was a Ford car operated by Mrs. Azalie Wilkins. The third was a dump truck operated by Joe Benson. The fourth was the Turlington Chevrolet.

According to his allegations and evidence, plaintiff, after giving proper signal of his intention to do so, had completed or almost completed a left turn into a private driveway to his home when the left rear of his truck was struck by the Turlington car.

According to defendants' allegations and evidence, Mrs. Turlington, after giving signal of her intention to do so, had passed the Benson truck and the Ford when plaintiff, without giving notice of his intention to do so, made a sudden left turn across her line of travel.

The court submitted and the jury answered the following issues:

"1. Was the plaintiff injured and damaged as a result of the negligence of the defendants, George E. and Panzie C. Turlington, as alleged in the complaint? ANSWER: No.

"2. If so, did the plaintiff, by his own negligence, contribute to his injuries and damages as alleged in the answer? ANSWER: ........

"3. What amount of damages, if any, is the plaintiff entitled to recover for property damage? For personal injury? ANSWER: .......

"4. Were the defendants, Panzie C. Turlington and George E. Turlington, injured and damaged as a result of the negligence of the plaintiff, as alleged in the answer? ANSWER: Yes.

"5. If so, what amount of damages, if any, is the defendant, Panzie C. Turlington, entitled to recover for personal injuries? ANSWER: $7500.00.

"6. What amount of damages, if any, is the defendant, George E. Turlington, entitled to recover for property damage? ANSWER: $2500.00."

In accordance with the verdict, the court entered judgment that Mrs. Turlington recover of plaintiff the sum of $7,500.00, that Mr. Turlington recover of plaintiff the sum of $2,500.00, and that plaintiff pay the costs.

Plaintiff excepted and appealed.

*Braswell & Strickland for plaintiff appellant.*
*Smith, Leach, Anderson & Dorsett, C. K. Brown, Jr., and D. K. Stewart for defendant appellees.*

BOBBITT, J. In considering the sufficiency of the evidence to withstand plaintiff's motions for judgments of nonsuit as to defendants' counterclaims, the evidence must be considered in the

light most favorable to defendants. Evidence favorable to plaintiff must be disregarded. *Gillikin v. Mason,* 256 N.C. 533, 124 S.E. 2d 541; *Robinette v. Wike,* 265 N.C. 551, 144 S.E. 2d 594.

Mrs. Turlington's testimony tends to show: She had been following the three vehicles for several miles. When she undertook to pass, she had reached a place where she had a clear view of the left lane for approximately half a mile. There was no oncoming traffic, no yellow lines and no intersection or turnoff. The three vehicles in front of her had been and were proceeding in the right lane. She was watching these vehicles and observed no signals from any of them. She blew her horn and started around the Benson truck. After pulling into the left lane, she got near the Ford and blew her horn again. She was "right back of" plaintiff's truck when it made its left turn across her line of travel.

While plaintiff's evidence was in sharp conflict, in our opinion, and we so hold, the foregoing testimony of Mrs. Turlington was sufficient to require submission of an issue as to plaintiff's alleged actionable negligence and did not disclose that Mrs. Turlington was contributorily negligent as a matter of law. Hence, the assignment of error directed to the court's refusal to nonsuit defendants' counterclaims is without merit.

Plaintiff assigns as error the portion of the charge in which the court read to the jury the provisions of G.S. 20-141(c). Plaintiff alleged defendants were negligent, *inter alia,* in respect of speed. The applicable maximum speed limit was 55 miles per hour. There was no evidence the speed of the Turlington car exceeded 55 miles per hour. Hence, the reading of G.S. 20-141(c) was favorable to plaintiff since it called attention to the fact that a speed of 55 miles per hour or less might be considered greater than was reasonable and prudent under the conditions disclosed by the evidence.

Plaintiff assigns as error, based upon an exception to a portion of the charge, the failure of the court to submit, with reference to the counterclaims, an issue as to defendants' contributory negligence. The record indicates no objection to the issues submitted by the court prior to the service of plaintiff's case on appeal. Moreover, the jury answered the first issue, "No," and thereby established that the collision and resulting injury and damage were not proximately caused by the negligence of defendants.

Plaintiff assigns as error a portion of the charge in which the court stated in substance that plaintiff *contended* defendants' negligence in respect of speed and failure to keep a proper lookout proximately caused plaintiff's injury and damage and that the jury should answer the first issue, "Yes." Plaintiff contends this instruction is erroneous because the court made no reference to the duty

of the driver of an overtaking vehicle to give warning before attempting to pass a vehicle proceeding in the same direction. In this connection, it is noted that plaintiff did not allege, as a specification of defendants' negligence, the failure of defendants to give warning before attempting to pass. Too, the court, in the excerpt to which plaintiff's exception relates, was stating contentions of plaintiff. Nothing indicates plaintiff then excepted to such statement of his contentions. Moreover, "(a)n exception to an excerpt from the charge does not ordinarily challenge the omission of the court to charge further on the same or any other aspect of the case." 1 Strong, N. C. Index, Appeal and Error, § 24, p. 101.

Plaintiff asserts, based on numerous exceptions, that the court erred "in repeatedly interrupting the introduction of evidence, asking questions, and commenting in the presence of the jury and making statements in the presence of the jury, thereby constituting an expression of opinion to the prejudice of the plaintiff and thereby tending to interrupt the introduction of evidence in an ordinary fashion to the prejudice of the plaintiff." It appears that plaintiff, in preparing his case on appeal, entered exceptions to practically all words spoken by the court during the progress of the trial, including colloquies with counsel relating to the competency of evidence and questions asked to ascertain what a witness had said or to get a better understanding of the witness' intended meaning. After careful consideration of each of these exceptions, the conclusion reached is that the statements, comments and questions to which exceptions were noted do not, separately or collectively, disclose error prejudicial to plaintiff.

Assignments of error based on exceptions to rulings on evidence have been carefully considered. Suffice to say, none discloses prejudicial error or merits detailed discussion.

Plaintiff's motion to set aside the verdict as contrary to the greater weight of the evidence was for determination by the trial judge in the exercise of his discretion. Nothing appears indicative of an abuse of discretion.

While the evidence would have supported a verdict in plaintiff's favor, the jury, upon conflicting evidence, resolved the issues in favor of defendants; and plaintiff's assignments of error do not show prejudicial error entitling him to a new trial.

No error.