ROBERT CHALMERS, LOUISE C. LOWERY, BESSIE C. WALKER, AMIE C. CLARK, CLARA C. CLARK, MARY C. CLARK, ELIZABETH C. BARNES AND FANNIE C. CALDWELL, v. LILLIAN GERTRUDE WOMACK.

(Filed 3 February, 1967.)

**1. Trial § 40—**

The number, form and phraseology of the issues rest in the sound discretion of the trial court, and the issues will not be held for error if they are sufficiently comprehensive to resolve all controversies and to enable the court to render judgment fully determining the cause.

**2. Descent and Distribution § 3.1;   Quieting Title § 2—**

In the heirs' action to remove cloud on title upon allegation that defendant claimed an interest as the widow of intestate and that her purported marriage to intestate is void because at the time of such marriage she was already married and there had been no divorce dissolving the first marriage, the marital status of the defendant at the time of intestate's death is the sole issue necessary to determine the rights of the parties, and the submission of such issue is sufficient.

**3. Appeal and Error § 24—**

An assignment of error that the court failed to declare the law arising on the evidence as required by G.S. 1-180, is a broadside exception and ineffectual. Rule of Practice in the Supreme Court 19(3).

**4. Marriage § 2—**

A subsequent marriage is presumed valid with the burden upon the parties attacking the validity of the second marriage to prove its invalidity, which presumption prevails over the presumption of the continuance of the first marriage, and therefore the issue of the validity of the second marriage in such instance is for the determination of the jury, even though the parties attacking the marriage introduce uncontradicted evidence of the prior marriage with evidence supporting the conclusion

that the prior marriage had not been terminated by divorce at the time of the second marriage.

### 5. Trial § 31—

Where the issue is for the determination of the jury, the court may not direct a verdict, and plaintiffs' uncontradicted evidence cannot entitle them to more than a peremptory instruction permitting the jury to answer the issue in the negative if the jury should fail to find from the greater weight of the evidence the facts to be as all of the evidence tended to show.

### 6. Trial § 51—

A motion to set aside the verdict as being contrary to the greater weight of the evidence is addressed to the discretion of the trial court, and where the issue is for the determination of the jury, the fact that the jury answered the issue in the negative, notwithstanding peremptory instruction of the court to answer it in the affirmative, does not in itself tend to show abuse of discretion in the court's refusal to set aside the verdict.

### 7. Appeal and Error § 38—

An assignment of error not brought forward and discussed in the brief is deemed abandoned. Rule of Practice in the Supreme Court No. 28.

APPEAL by plaintiffs from *Bailey, J.,* June 1966 Civil Session of HARNETT.

Civil action to remove a cloud from title to real property.

Plaintiffs, brothers and sisters of James Richard Chalmers, who died intestate 16 August 1962, claim the land as sole heirs of deceased; defendant claims an interest in the land as widow of James Richard Chalmers. Plaintiffs allege that defendant was married to one Lee Womack on 13 May 1920 and that upon her subsequent purported marriage to Chalmers she was still the lawful wife of Lee Womack.

Plaintiffs offered evidence substantially, except where quoted, as follows:

Lee Womack testified: He was 68 years old and had always lived in North Carolina. He married defendant at Sanford, North Carolina, in 1920 and they lived together in Onslow County. Three children were born of this marriage, and each time the defendant was with child she returned to her home in Harnett County to give birth to the child, and thereafter returned to Onslow County. After the birth of the third child she did not return to her husband, and they have lived separate and apart since that time. He has seen the defendant only twice since the birth of the last child, once when he returned to Harnett County for his father's funeral and once when the child was still a baby. This child is now 39 years old. Womack further stated that he has never instituted action for divorce against defendant, nor has he ever been served with "any divorce papers." He remarried in 1949 in South Carolina.

Mary Chalmers Clark testified: She was a sister of Richard Chalmers, deceased, and was living at the home place with her brother and defendant when her brother died. Defendant lived with Chalmers at the home place from 1950 to the date of his death. He was buried on a Tuesday and defendant left the following Saturday and never returned. Defendant was the beneficiary of a $1,000 insurance policy which was turned over to another sister to take care of burial and other expenses.

J. Chandler Eakes testified: He is Register of Deeds of Lee County, and there is a record in Lee County of a marriage between Lee Womack and Lillian McNeill. The license was issued for this marriage on 13 May 1920.

Lillian Womack testified: She married Lee Womack in 1920 and there were three children by the marriage. After the birth of the third child she never returned to live with Womack and has seen him only once since that time. "I have never inquired of his people, his brothers and sisters, where Lee was. After he was gone so long, I just tried to forget it. I never tried to write him. I never made any inquiry about where Lee was or anything about him. I never wrote anybody in Onslow County where he was living and asked if he was living or dead. . . . I thought I had a divorce after he was gone so long." She did not testify as to whether she had been served with summons or complaint for divorce.

Fannie Caldwell testified: She was a sister of Richard Chalmers and took care of certain of his business affairs. Defendant turned over the proceeds of a life insurance policy to her to pay her brother's hospital and funeral expenses.

At the close of plaintiffs' evidence defendant moved for judgment of nonsuit, which was denied. Defendant offered no evidence and renewed her motion for nonsuit, which was again denied. Plaintiffs moved for a directed verdict, which was also denied. The court submitted the following issue to the jury: "Was the defendant, Lillian Gertrude Womack, the lawful wedded wife of Richard Chalmers at the time he died on August 16, 1962?" The jury answered the issue in the affirmative. Plaintiffs appeal from the judgment entered thereon.

*M. O. Lee for plaintiffs.*
*Robert B. Morgan and Gerald Arnold for defendant.*

BRANCH, J. Plaintiffs' first assignment of error is that the court submitted insufficient and incorrect issues to the jury.

The number, form and phraseology of the issues lie within the sound discretion of the trial court, and the issues will not be held

for error if they are sufficiently comprehensive to resolve all factual controversies and to enable the court to render judgment fully determining the cause. *Conference v. Miles,* 259 N.C. 1, 129 S.E. 2d 600; *Rudd v. Stewart,* 255 N.C. 90, 120 S.E. 2d 601; G.S. 1-200.

The only issue for decision in order to determine the rights of the parties in this cause was the marital status of defendant and James Richard Chalmers at the time of his death. The issue submitted by the trial judge was sufficient to embrace all facts in dispute, for the parties to present every material phase of the case, and to enable judgment to be entered which fully determined the case. Objection to the issue submitted is therefore groundless.

Appellants also contend that the trial judge erred "for that the court failed to charge the jury in accordance with G.S. 1-180 by explaining and declaring the law arising on the evidence." This assignment is broadside and untenable. It is insufficient in that it does not present error relied upon without the necessity of going beyond the assignment itself to learn what the question is. The portions of the charge objected to are not specifically set out. *Creed v. Whitlock,* 252 N.C. 336, 113 S.E. 2d 421; *State v. Corl,* 250 N.C. 262, 108 S.E. 2d 613; Rule 19(3), Rules of Practice in the Supreme Court, 254 N.C. 783, 797.

Plaintiffs' assignment of error that the court erred in failing to grant their motion to set aside the verdict as being against the greater weight of the evidence cannot be sustained. The issue was properly submitted to the jury. " 'A second or subsequent marriage is presumed legal until the contrary be proved, and he who asserts its illegality must prove it. In such case the presumption of innocence and morality prevail over the presumption of the continuance of the first or former marriage.' . . . (I)t is always for the jury where the demand is for an affirmative finding in favor of the party having the burden, even though the evidence may be uncontradicted. . . . Moreover, proof of the second marriage adduced by the defendant, if sufficient to establish it before the jury, raises a presumption of its validity, upon which property rights growing out of its validity must be based." *Kearney v. Thomas,* 225 N.C. 156, 33 S.E. 2d 871; *Stewart v. Rogers,* 260 N.C. 475, 133 S.E. 2d 155.

Plaintiffs argue in their brief that the court abused its discretion in failing to set aside the verdict as being contrary to the court's instructions. The court charged the jury as follows:

"Gentlemen of the jury, if you believe the evidence in this case, then you would answer the First Issue 'No.' That is to say, that if you believe what the witnesses have said about it,

then you would find, it would be your duty to find that Lillian Gertrude Womack was not the lawful wedded wife of Richard Chalmers at the time he died, but it is within your province to believe all of the evidence, to believe none of the evidence, or to believe it in part and disbelieve it in part, as the case may be, as you see it in your own minds when come to consider and make up your verdict.

"Therefore, Gentlemen of the jury, if you find from the evidence, and by its greater weight, that Lillian Gertrude Womack was married to Lee Womack in the year 1920 and that that marriage was never dissolved by divorce, and find that she is still the lawful wedded wife of Lee Womack, then you would answer, it would be your duty to answer this issue 'No,' and that is to say, that she was not the lawful wedded wife of James Richard Chalmers. If, on the other hand, you disbelieve the evidence, you would answer it in the affirmative, that is to say, that she was, because there is a presumption of the validity of the second marriage."

Since this was a matter for the jury, plaintiffs were not entitled to more than peremptory instruction. The correct form of peremptory instruction is that the jury should answer the issue as specified if they should find from the greater weight of the evidence the facts to be as all the evidence tends to show. *Wesley v. Lea,* 252 N.C. 540, 114 S.E. 2d 350; *Morris v. Tate,* 230 N.C. 29, 51 S.E. 2d 892. And the court should also charge that if the jury does not so find, *they should answer the issue in the opposite manner. Roach v. Insurance Co.,* 248 N.C. 699, 104 S.E. 2d 823. Although the court's language was not in the exact words approved by this Court, it was substantially correct and does not constitute reversible error since the plaintiffs were not prejudiced, but to the contrary were benefited, by the variance from the Court's approved form. *Brooks v. Mill Co.,* 182 N.C. 258, 108 S.E. 725.

In the instant case the trial judge left it to the jury to determine the issue submitted, and in the exercise of his discretion refused to set aside the verdict. A motion to set aside the verdict as being contrary to the greater weight of the evidence is addressed to the discretion of the trial court, and its ruling thereon will not be reviewed in the absence of a showing of abuse. *Wilkins v. Turlington,* 266 N.C. 328, 145 S.E. 2d 892.

Passing on this question in the case of *Mangum v. Yow,* 263 N.C. 525, 139 S.E. 2d 537, this Court said: "History teaches that a jury can best settle factual controversies, and for that reason jury trials 'ought to remain sacred and inviolable.' N. C. Constitution,

Art. 1, § 19. . . . The jury had the responsibility of weighing all of the evidence . . . We find nothing in the record to show a failure by the jury to perform its duty. That being so, it follows the trial judge was not under a duty to set the verdict aside."

In the case now before us the jury heard the evidence, observed the demeanor of the witnesses, and answered the issue submitted. The trial judge had the same opportunity to observe the witnesses and hear the evidence as did the jury. We find no manifest abuse of discretion, and it therefore follows that the judge was under no duty to set the verdict aside.

Plaintiffs' assignment of error as to the court's failure to grant the motion for a directed verdict is not brought forward and discussed in their brief and is deemed to be abandoned. Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 783, 810.

For reasons stated, we find

No error.