FIRST NATIONAL BANK OF CATAWBA COUNTY, PLAINTIFF v. HORACE
R. BURWELL AND WIFE, WANDA BURWELL, AND ZOLLIE E. HAMBY AND
WIFE, MAUDE HAMBY, DEFENDANTS v. EARL A. McALISTER, JR., THIRD-
PARTY DEFENDANT

No. 8225SC1346

(Filed 20 December 1983)

**Guaranty § 2; Uniform Commercial Code § 32— issues submitted to jury sufficient**
    In an action brought by plaintiff bank to enforce a guaranty agreement for
$21,672.75 where the defendants' evidence tended to show that the Hambys
had agreed to be guarantors for defendant Burwell only for the amount of
$5,000.00 and not for the full amount of the note which was a consolidation of
previous loans defendant Burwell owed the bank, an issue submitted to the
jury which stated "What amount, if any, are the defendants Zollie E. Hamby
and Maude Hamby, indebted to [the plaintiff]? ANSWER:" was sufficient where
the instructions stated in detail the defense of the defendant and the record in-
dicated through questions by the jury in its deliberations that the jury was not
confused. G.S. 25-3-115, G.S. 25-3-307(2), and G.S. 25-3-416.

APPEAL by defendants Zollie E. and Maude Hamby from
*Grist, Judge.* Judgment entered 24 September 1982 in Superior
Court, CATAWBA County. Heard in the Court of Appeals 17
November 1983.

Plaintiff bank brought this action against the makers and
guarantors of a promissory note, seeking to recover a balance
allegedly due thereon of $21,672.75. As to the guarantors, a sole
issue was submitted to, and answered by, the jury as follows:
"What amount, if any, are the defendants, Zollie E. Hamby and
Maude Hamby, indebted to [the plaintiff]? ANSWER: $21,672.75."

Defendants Hamby (hereafter defendants), the guarantors,
appeal from a judgment on the verdict for plaintiff in the sum of
$21,672.75, together with interest, attorney's fees, and costs.

*Sigmon, Clark and Mackie, by E. Fielding Clark, II, for plaintiff appellee.*

*Randy D. Duncan for defendant appellants.*

WHICHARD, Judge.

Defendants contend the court erred in refusing to submit the following tendered issues: (1) "Was the note completed by the plaintiff as authorized by . . . defendants?" (2) "Was the note delivered to plaintiff upon condition that . . . defendants' liability be limited to $5,000.00?" For reasons hereafter set forth, we find no error.

The factual basis of defendants' contention is as follows:

An officer of plaintiff bank testified that he had dealt with Horace Burwell, one of the makers, who was defendants' son-in-law, for a number of years. Burwell had outstanding notes with plaintiff totalling $15,734. When he requested a further loan of $5,000, the officer consolidated all loans into a single note in the sum of $20,734. The officer then gave the undated note to Burwell for the purpose of obtaining defendants' signatures as guarantors. The note was to be dated when it was signed and the money was advanced, and interest was to accrue as of that date.

The back of the note contained an unconditional guaranty agreement which defendants signed. They do not dispute the validity of their signatures. They testified, however, that they had agreed with Burwell to be guarantors only for the previously unloaned amount of $5,000. They both signed without seeing the front of the note.

Burwell testified that the note was blank when defendants signed it, and that he told the officer that defendants were to be liable only to the extent of $5,000 pursuant to their agreement with him. The officer, who dealt exclusively with Burwell, denied any agreement limiting defendants' liability.

As noted, the court submitted a sole issue relative to defendants' liability: "What amount, if any, are the defendants . . . indebted to [the plaintiff]?" Defendants argue that the foregoing facts merited submission of their tendered issues as to (1) completion of the note in excess of the amount authorized, and (2) delivery conditioned on limitation of their liability to $5,000.

"Indebtedness" issues of the type submitted here may, in some circumstances, be inadequate to resolve controverted factual issues raised by the evidence. As stated in *Whitley v. Redden*, 276 N.C. 263, 266, 171 S.E. 2d 894, 897 (1970): "The often-used issue, 'How much, if anything, is plaintiff entitled to recover,' is not sufficient when other issues of fact are raised. This is true because submission of the single issue may omit controverted facts upon which the right to recover is based." *See also Yates v. Body Co.*, 258 N.C. 16, 21, 128 S.E. 2d 11, 14 (1962) (error to submit one indebtedness issue where recovery could be on express or implied contract).

Nevertheless, "[t]he number, form, and phraseology of issues is in the court's discretion; and there is no abuse of discretion where the issues are 'sufficiently comprehensive to resolve all factual controversies and to enable the court to render judgment fully determining the cause.'" *Pinner v. Southern Bell*, 60 N.C. App. 257, 263, 298 S.E. 2d 749, 753 (quoting *Chalmers v. Womack*, 269 N.C. 433, 435-36, 152 S.E. 2d 505, 507 (1967)), *disc. rev. denied*, 308 N.C. 387, 302 S.E. 2d 253 (1983). "[T]he issue must be construed with respect to . . . the pleadings and the evidence and such part of the instructions . . . as may be pertinent to it." *Clinard v. Kernersville*, 217 N.C. 686, 688, 9 S.E. 2d 381, 382 (1940).

The two issues tendered by defendants are in reality one, *viz*, was there a valid oral condition precedent limiting defendants' liability on the note to $5,000? The true question is one of intent in the formation of the contract, which embraces both the alleged defense of unauthorized completion and that of conditional delivery.

The court instructed the jury with regard to defendants' liability as guarantors as follows:

> On this issue the law is that if a person or persons sign a note as guarantor their liability is as set forth on the instrument, and in this instance it reads as follows:

> 'The undersigned jointly and severally guarantee the payment when due to any holder hereof of all amounts from time to time owing thereunder, and the payment upon demand of the entire amount owing on the foregoing agreement in the event of default in payment by the debtors named

therein. Undersigned waives notice of acceptance of this guarantee and acknowledges themselves as fully bound by all the provisions in said agreement and expressly agree to pay all amounts owing hereunder upon demand without requiring any action or proceeding against the debtors.'

This means what it says. In plain language it means that a guarantor must pay the note by its terms without any action against the debtors, and that the guarantors jointly and severally are equally liable for the indebtedness along with the makers, Mr. and Mrs. Burwell, if the note is otherwise in proper form as to the Hambys.

On this issue the parties differ. The bank contends and has offered evidence that the note was completely filled out except for the date, which was to be inserted in the note upon its return to the bank so that the interest would start only upon delivery of the note to the bank; that the note had the guaranty printed on the back and upon receipt by the bank all signatures were affixed in the correct spaces where the checkmarks were placed, where the names were typed as to the makers and guarantors; that the bank had received a financial statement purporting to be that of the Hambys, and they were acceptable as guarantors.

On the other hand, the Hambys contend and have offered evidence that when Mr. Burwell received the note at the bank it was completely blank and that he took the note to Mr. and Mrs. Hamby, and they signed the note, and it was filled out by Mr. McCallister in the amount of $20,734. And Mr. Burwell told Mr. McCallister that the guarantee was only for $5,000 and it should be limited to that as far as the Hambys were concerned.

As to this contention the law reads as follows:

General Statute 25-3-115 relates to the incomplete instrument. 'When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect, it cannot be enforced until completed, but when it is completed in accordance with authority given it is effective as completed.'

Section 2. 'If the completion is unauthorized, the rule as to material alteration applies even though the paper was not delivered by the maker or the drawer, but the burden of establishing any completion is unauthorized is on the party so asserting.'

A note in the amount of $20,734 is a material alteration when it is intended to be a guarantee for $5,000, and such fact is communicated to the holder of the note who completes the blank and does not draw it as authorized. The drawing of the note other than [a]s authorized will discharge the guarantor and would be unenforceable.

As to this issue, if the plaintiff bank has satisfied you from the evidence and by its greater weight that the note in question was completely filled out except for the date, and that it was presented to Mr. and Mrs. Hamby by Mr. Burwell, and they signed it as guarantors, and you further find that the bank had demanded payment and that the Hambys had not paid the note in accordance with its terms, then in that event it would be your duty to answer this issue in the amount of $21,672.75. The same as the answer to the first issue [regarding liability of the makers]. If the bank has not so satisfied you, it would be your duty to answer this issue nothing.

On the other hand if the Hambys have satisfied you from the evidence and by its greater weight that they signed a blank note on the back as guarantors, and intended to be guarantors only for the sum of $5,000 and this information was communicated to the loan officer of the bank and notwithstanding the loan officer completed the note for $20,734, and did not limit the guarantee as authorized, such failure to so limit the guarantee would discharge the guarantors, and you would answer this issue nothing.

In light of these instructions, we find the issue submitted sufficient to "resolve all factual controversies and to enable the court to render judgment fully determining the cause." *Pinner, supra.* Nothing in the record indicates that the issue in any way confused the jury. *See Link v. Link,* 278 N.C. 181, 196, 179 S.E. 2d 697, 706 (1971); *Nagle v. Bosworth,* 248 N.C. 93, 95, 102 S.E. 2d 447, 448-49 (1958). On the contrary, the fact that the jury inter-

rupted its deliberations to ask the court specifically about G.S. 25-3-115, the statute on unauthorized completion with regard to which the court had instructed, demonstrates affirmatively that it actively considered and rejected the defense asserted by defendants. Without that defense, defendants, as guarantors, were bound by the terms of the note. G.S. 25-3-307(2), 25-3-416. *See generally Advertising, Inc. v. Peace*, 43 N.C. App. 534, 259 S.E. 2d 359 (1979), *disc. rev. denied*, 299 N.C. 328, 265 S.E. 2d 393 (1980).

Construing the issue as required, then, with respect to the pleadings, the evidence, and the charge, *Clinard, supra*, we find no abuse of discretion in submitting the issue presented and refusing to submit those tendered by defendants.

Defendants also contend the court erred in failing to instruct on their defense that the note was delivered subject to a $5,000 limitation on their liability. The instructions quoted above fully informed the jury regarding what it had to find in order to answer the issue submitted in favor of defendants. We thus find no error in the omission complained of.

No error.

Judges HEDRICK and BECTON concur.