Battle, J.
 

 The issues made by the pleadings, in this case, were first, whether the defendant, E. H. Rbem’s intestate, Melchor Rhem, was ever lawfully married to the mother of the feme plaintiffs, and if so, were the said feme plaintiffs born in lawful wedlock. Upon these disputed questions of fact, the testimony was so conflicting, and it was so doubtful on which side the weight of it preponderated, that we felt unwilling to decide it without the aid of the verdict of a jury of the county, where the alleged man and wife had lived. Issues for that purpose were, accordingly, under an order of this Court, sent down to be tried in the Superior Court of law for that county; and upon the trial there had, the jury have ha've found both issues in favor of the plaintiffs, of which a
 
 *143
 
 certificate lias been properly transmitted to ns. The counsel for the defendants have appeared in this Court, and moved us, upon a consideration of the testimony, to render a decree dismissing the plaintiffs bill, notwithstanding the verdict, or to order another trial of the issues, upon the ground, that the verdict on the first trial, is decidedly against the weight of the evidence.
 
 We
 
 do not feel at liberty to grant either alternative of the defendants5 motion.
 
 We
 
 are of opinion that when a man and woman have lived together for many years, treating each other as man and wife, and have been so reputed to be in the neighborhood where they lived, during all the time, in which they thus cohabited; and where they have had children, which were treated by the parents as legitimate, up to the time of the death of the latter, we think that the testimony, which should induce a court to declare against the marriage of the parties, and thereby to bastardize their issue after their deaths, ought to be so overwhelming as to leave not a doubt about the facts thus declared. It was a well known rule of the ecclesiastical law, that if two persons, who labored under canonical disabilities intermarried with each other, the marriage could not be declared to have been void after the death of both, or either of the parties. That rule does not prevail in our law, because we do not recognise the ecclesiastical as part of our common law of marriage, but the principal, upon which it was founded, that the validity of a marriage ought not to be questioned after the parties, or either of them, have by death been deprived of the opportunity of supporting it by proof, may well influence our courts in deciding upon the existence of a marriage and the legitimacy of issue after the death of both, or either of the parents.
 

 Our opinion is, that the plaintiffs are entitled to a decree, declaring the facts found by the issue, and for the relief consequent thereon.
 

 PER CURIAM, Decree accordingly.