* G. P. H. JONES and others v. N. J. REDDICK and others.

### Marriage—Evidence.

1. In the absence of proof to the contrary, the rules of the common law relative to marriage are presumed to obtain in all christian countries, and especially in the States of the American Union.

2. By the law of North Carolina, which is in conformity to the common law, reputation, cohabitation, and the declarations and conduct of the parties are competent evidence of marriage in questions of inheritance.

(*Brown* v. *Pratt*, 3 Jones Eq. 202; *Griffin* v. *Carter*, 5 Ire. Eq. 413; *Archer* v. *Haithcock*, 6 Jones 421; *Weaver* v. *Cryer*, 1 Dev. 337, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1878, of GATES Superior Court, before *Furches, J.*

This was an action for the recovery of land, and the plaintiffs' right of recovery turns upon the question,— whether they are the "lawful children" of Alfred E. Jones, the son of Frederick Jones, the testator. Upon the trial of this issue before the jury, one E. T. Jones testified that he was a brother of Alfred E. Jones, and remembered that his brother left this State in 1850, removed first to Florida,.

---

and thence to Georgia; that he visited him in Savannah, Georgia, during the war, and he was then married and had three children; that his wife's name was Sarah, and the names of his children, Georgiana, Virginia, and George Paul Harrison; that he had no personal knowledge of the marriage, but that he lived in his brother Alfred's family eleven months, in Savannah, and that he was then living with a woman named Sarah who appeared to be his wife, sat at the head of the table, and was the mother of the children named; that he corresponded with the family since, and heard that Georgiana had died, and another child named Emily had since been born, and that when he was there during the war as aforesaid, the eldest child was six or seven years old.

The plaintiffs next introduced the deposition of R. W. Russell, an attorney at law, residing in Savannah, Georgia, who testified that he knew the plaintiffs, and that they are the children of Alfred E. Jones and Sarah A. Jones, his wife; that he had known Alfred twenty-two years, and that he died in Savannah on the 15th of December, 1874.

The plaintiffs then produced and read in evidence a duly certified copy of a marriage license of Alfred E. Jones and Sarah A. Dill, taken from the records of the Court of Ordinary of Chatham county, Georgia, and of a certificate that they were duly married on the 22d of May, 1850, signed by the Rev. James E. Godfrey, the minister who performed the ceremony of marriage.

All the foregoing evidence was admitted without objection, but upon it, the defendants asked the Court to instruct the jury, that it was not sufficient to warrant them in finding that Alfred E. Jones had been legally married, and that the plaintiffs are his lawful children. His Honor refused the instruction, and the jury found the issue in favor of the plaintiffs. Judgment. Appeal by defendants.

JONES *v.* REDDICK.

No counsel for plaintiffs.
*Messrs. Gilliam & Gatling*, for defendants.

BYNUM, J. (After stating the case as above.) No actual marriage was shown, nor was it shown or offered to be shown, what would constitute a valid marriage by the laws of Georgia, where the marriage was alleged to have been celebrated. But in all Christian States, especially in the States of the American Union, which, although in some respects foreign to each other, have a common origin, and in other respects, a constitutional community of rights and interests, it is presumed that the common law prevails, and that the same proofs which are sufficient to establish the fact of marriage in one State, will be likewise sufficient to establish the same fact in another State. *Brown* v. *Pratt*, 3 Jones, Eq., 202; *Griffin* v. *Carter*, 5 Ire. Eq., 413.

By the common law it is held to be a general rule, of universal application in civil causes, except in actions for criminal conversation, that reputation, cohabitation, the declarations and conduct of the parties, are competent evidence of marriage between them. *Archer* v. *Haithcock*, 6 Jones, 421; *Weaver* v. *Cryer*, 1 Dev. 337; Wharton Ev., §§ 84, 1297; 1 Starkie, Ev., 297, 300; 2 Greenl., Ev., 762; 1 Doug., 170 ; 4 T. R., 458.

As such evidence would have been competent to establish marriage in this State by the common law, by the same law it must be held to be competent to establish, that the parties were legally married according to the laws of Georgia. There was not only sufficient, but plenary evidence of the marriage.

No error.                              Affirmed.