EMMIE FORBES ET AL. v. J. M. BURGESS.

(Filed 21 February, 1912.)

1. Estates of Inheritance — Legitimacy — Evidence of Marriage — Reputation.

In an action brought by the children of the deceased against those in possession of lands by conveyances from his brothers and sisters alleged to be his heirs at law, involving title to the *locus in quo* by descent, it was contended that plaintiffs were illegitimate and not entitled to the inheritance: *Held*, evidence of the general reputation of the marriage of the ancestor, that he and the mother of the plaintiffs recognized each other as man and wife and so lived together, was competent.

2. Estates of Inheritance—Legitimacy—Evidence of Marriage—Indictment.

A bill of indictment against the ancestor and the mother of the plaintiffs for illegal cohabitation is not admissible as evidence for defendant upon the question of the legitimacy of the children in their action as heirs at law, to recover lands descended, unless the whole record is introduced, so as to show the final disposition of the case; but, if error, it was harmless, as it was shown in this case that the indictment had been dismissed.

3. Estates of Inheritance—Legitimacy—Second Marriage—Living Husband—Presumptions—Burden of Proof—Instructions.

In an action involving the title to lands descended, the rights of the plaintiffs were made to depend upon their legitimacy, upon the question as to whether there had been a lawful ceremony of marriage between the ancestor and their mother, upon which the evidence was conflicting; the judge charged, in substance, that if the jury found as a fact from the evidence that the marriage was lawful, the burden shifted to the defendants to prove by the preponderance of the evidence that the first husband was living at the time of her second marriage, and that she had not been divorced; and, further, that if the second marriage had been established by competent proof, it raised the presumption that the prior marriage had been dissolved by death or divorce, but this presumption would not apply in favor of a second marriage where the evidence thereof was only as to cohabitation and reputation: *Held*, these two phases of the charge were not in conflict with each other, and that the second one was explanatory of the first; and if there were error in the first, it was cured by the second one.

APPEAL by defendant from *Cline, J.,* at September Term, 1911, of CAMDEN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*E. F. Aydlett and J. C. B. Ehringhaus for plaintiffs.*
*W. A. Worth, H. S. Ward, and G. W. Ward for defendant.*

CLARK, C. J. This is an action by the children of Nancy and Dempsy Wilson to recover the land described in the complaint. The defendants deny that Dempsy and Nancy were ever married to each other, and claim that they themselves have title to the land by virtue of conveyances to them from the brothers and sisters of Dempsy, who were his heirs at law.

It was in evidence that Nancy was married in 1856 to Jarvis Wilson. There was no direct evidence of a divorce between Jarvis Wilson and Nancy nor any direct evidence of the marriage ceremony having been performed between Nancy and Dempsy.

Several neighbors testified to the general reputation that Dempsy and Nancy were married; that Dempsy called her his wife and treated her as such. One witness testified that Dempsy told him that he was going down to Elizabeth City that day to be married, and upon his return stated that he had been married. Evidence of the general reputation in the community that Dempsy and Nancy were married and the above statement made by Dempsy, and that they recognized each other as man and wife, were competent. *Long v. Barnes,* 87 N. C., 329; *S. v. Whitford,* 86 N. C., 636; *Jones v. Reddick,* 79 N. C., 291; *Archer v. Haithcock,* 51 N. C., 421; 26 Cyc., 872. Proof of such reputation may be made by any party having knowledge thereof. 26 Cyc., 877.

The Court properly declined to admit the bill of indictment against Dempsy and Nancy for illegal cohabitation unless the whole record was admitted to show the disposition of the case. The clerk of the court testified that the entry on the docket showed that the case was dismissed; so if there had been error, it was harmless.

The court charged the jury "that if they found from the evidence from its greater weight that there was a lawful ceremony of marriage entered into between Dempsy and Nancy, then the burden shifted to the defendants to prove the illegality thereof by showing by a preponderance of the evidence that her first husband was still living at the time the plaintiffs contend that she was married to Dempsy, and that she had not been divorced from her first husband."

The court further charged, as prayed by the defendants, "Although where a marriage is established by a proof of the fact in any competent way, it raises a presumption that any prior marriage which is relied on to invalidate the second marriage has been dissolved by death or divorce, the presumption of death or divorce will not be indulged in favor of an alleged second marriage, the proof of which rests only on cohabitation and reputation." If there was any error in the paragraph of the charge above given and excepted to, it was cured by this instruction.

There was evidence which tended to show that Jarvis Wilson was dead at the time of the alleged second marriage. There was one witness who testified that Jarvis was living at the time of Nancy's death.

The prayer and the charge cannot be said to be conflicting, but the charge given in the prayer is explanatory of the previous instruction.

The jury found that the plaintiffs were entitled to the land as the legitimate children of Dempsy Wilson.

No error.