RICHARD GREEN, FATHER; MRS. ETHEL MAE GREEN, WIDOW; WALTER E. RICKS, ADMINISTRATOR; CHARLES K. GREEN, DECEASED EMPLOYEE, v. EASTERN CONSTRUCTION COMPANY, EMPLOYER, AND HARTFORD ACCIDENT AND INDEMNITY COMPANY, CARRIER.

(Filed 22 May 1968.)

**1. Master and Servant § 96—**

Findings of fact of the Industrial Commission are conclusive on the courts when supported by any competent evidence, G.S. 97-86, and juris-

diction on appeal is limited to questions of law as to whether there was competent evidence to support the Commission's findings of fact and whether such findings of fact justify the legal conclusions and decisions of the Commission.

**2. Marriage § 2—**

Evidence that a man and woman lived together as husband and wife and were reputed to be married is admissible to prove the marriage.

**3. Same;   Master and Servant § 79—**

Findings by the Industrial Commission upon competent evidence that the deceased employee and the *femme* claimant were married and. lived together as husband and wife until the husband's death, thereby entitling the wife to an award of compensation, is binding upon the reviewing court even though there is evidence that the wife's first marriage had not been dissolved.

**4. Master and Servant § 90—**

Motion to offer additional evidence on appeal before the Full Commission is addressed to the discretion of the Commission, whose ruling thereon is not reviewable in the absence of an abuse of discretion.

APPEAL by plaintiff Richard Green from *Olive, E.J.,* at the 2 October 1967 Civil Session of the Superior Court of DURHAM County.

This proceeding was begun before the North Carolina Industrial Commission to recover compensation under the North Carolina Workmen's Compensation Act for the death of Charles K. Green, deceased employee. At the hearing before the Commissioner it was stipulated that Charles K. Green died as a result of an accident arising out of and in the course of his employment on 9 February 1966, at which time the parties were subject to the North Carolina Workmen's Compensation Act. The only controverted issue was the determination of the rightful beneficiary of the death benefits payable by reason of his death.

The cause first came on for hearing on 22 June 1966 at which time the only claimant was Ethel Mae Green, who alleged she was the surviving widow of the deceased employee. Thereafter Richard Green, father of the deceased employee, through counsel notified the Industrial Commission that he wished to assert a claim and on 17 October 1966 order was filed directing that the case be heard *de novo.* On 24 February 1967 the case was heard before Commissioner William F. Marshall, Jr., who after hearing evidence made findings of fact, conclusions of law, and filed his opinion and award dated 7 March 1967. Among the findings of fact were the following: About 1943 Ethel Mae Green married one James Johnson in Roxboro, North Carolina, and lived with him a maximum of two months, when she separated from him. Some three or four years later John-

son informed Ethel Mae that he had divorced her. Ethel Mae met Charles K. Green in Roxboro, and later came to Durham where she and Charles were married in a Negro minister's home about 1946. It was stipulated that there is no marriage certificate on file in the public records of Durham County showing a marriage between the deceased and Ethel Mae Green. Charles and Ethel Mae lived together as husband and wife from the time of the marriage ceremony until Charles's death on 9 February 1966, and were reputed to be husband and wife in the community. No children were born of this marriage and Ethel Mae was the only person dependent on Charles and she was wholly dependent. Based on these findings of fact, the Commissioner concluded as a matter of law that Ethel Mae Green was the surviving widow of the deceased employee and made an award to her of all compensation benefits payable by reason of his death.

The father appealed to the Full Commission and also filed motion to be permitted to present new evidence bearing upon the question of whether Ethel Mae Green and James Johnson were ever divorced. The Full Commission on 29 June 1966 entered an order denying this motion, adopted as its own the findings of fact and conclusions of law of Commissioner Marshall, and affirmed the award to Ethel Mae Green. The father appealed from the order and award of the Industrial Commission to the Superior Court. The Superior Court sustained certain assignments of error relating to the admission in evidence of testimony by Ethel Mae Green that she and the deceased were married to each other. However, the court did not consider these errors to be prejudicial, and accordingly affirmed the decision and award to Ethel Mae Green. From this order the father appealed to the Court of Appeals.

*Alfred S. Bryant for Richard Green, father, appellant.*

*Kennon and Kennon by A. William Kennon for Ethel Mae Green, appellee.*

PARKER, J. This appeal presents the question whether there was sufficient competent evidence to support the Industrial Commission's finding of fact that Ethel Mae Green and the deceased employee, Charles K. Green, were married. Findings of fact of the Industrial Commission are conclusive on the courts when supported by any competent evidence. G.S. 97-86. On appeal, our jurisdiction is limited to questions of law as to whether there was competent evidence to support the Commission's findings of fact and whether such findings of fact justify the legal conclusions and decisions of the Commission. *Thomason v. Cab Company,* 235 N.C. 602, 70 S.E. 2d 706.

Appellant contends that the Commission's crucial findings of fact in this case were based upon incompetent evidence in that Ethel Mae Green was permitted to testify that she and the deceased employee had been married to each other, that certain events had occurred at the time the marriage ceremony was performed, and that at the time of such ceremony there had been a marriage certificate which had subsequently disappeared or had been stolen. Appellant contends that this testimony was incompetent under G.S. 8-51 and that without this testimony there was insufficient competent evidence to support the Commission's crucial findings.

The Judge of the Superior Court sustained appellant's assignments of error relating to the reception in evidence of Ethel Mae Green's testimony as to her marriage to the decedent. However, the Judge did not consider the error prejudicial, since he concluded that there was sufficient competent evidence in the record to support the Commission's ultimate finding of fact that Charles K. Green and Ethel Mae Green were married. Reserving the question whether there was error in the reception in evidence of Ethel Mae Green's testimony, we agree with the Judge's conclusion.

There was testimony of an independent witness, the president of the employer company for which Charles was working at the time of his death and who had also personally employed Ethel, who had known them for a number of years and who also knew many people in the neighborhood in which they lived, to the effect that Charles had told him that he and Ethel were married in Durham County by a colored minister in the minister's home, that Charles had claimed Ethel as his dependent wife on a Federal income tax form, that they had lived together as husband and wife and both had good reputations in the community in which they lived, and that their reputation in the community in which they lived was that of being man and wife. There was also testimony of other witnesses to the effect that Charles had made statements that he and Ethel were married and that they were reputed as man and wife. Evidence that a man and woman lived together as husband and wife and were reputed to be married is admissible to prove the marriage. Stansbury, N. C. Evidence 2d, § 244; *Forbes v. Burgess,* 158 N.C. 131, 73 S.E. 792.

The father appellant contends, nevertheless, that the marriage of Ethel Mae and Charles Green was illegal because her first marriage was not dissolved. A similar contention was made in the case of *Chalmers v. Womack,* 269 N.C. 433, 152 S.E. 2d 505, in which the validity of a second marriage was involved. In that case the first spouse was still alive at the time of the trial and testified as a wit-

ness that he had never instituted an action for divorce nor had any divorce papers been served upon him. Notwithstanding this evidence the jury answered the issue in favor of the validity of the second marriage. On appeal the Supreme Court affirmed, saying (at page 436):

> "Plaintiffs' assignment of error that the court erred in failing to grant their motion to set aside the verdict as being against the greater weight of the evidence cannot be sustained. The issue was properly submitted to the jury. ' "A second or subsequent marriage is presumed legal until the contrary be proved, and he who asserts its illegality must prove it. In such case the presumption of innocence and morality prevail over the presumption of the continuance of the first or former marriage." . . . (I)t is always for the jury where the demand is for an affirmative finding in favor of the party having the burden, even though the evidence may be uncontradicted. . . . Moreover, proof of the second marriage adduced by the defendant, if sufficient to establish it before the jury, raises a presumption of its validity, upon which property rights growing out of its validity must be based.' *Kearney v. Thomas,* 225 N.C. 156, 33 S.E. 2d 871; *Stewart v. Rogers,* 260 N.C. 475, 133 S.E. 2d 155."

In the case before us the Industrial Commission as finders of the facts has found against the appellant's contention and has found on competent evidence that Ethel Mae and Charles K. Green were married about 1946 and lived together as man and wife until Charles's death in 1966. We are bound by that finding.

Appellant's final assignment of error relates to the refusal of the Industrial Commission to allow appellant's motion to be permitted to offer additional evidence, being the testimony of James Johnson to the effect that he had never obtained a divorce from Ethel Mae Green. This motion was filed on 20 April 1967, approximately two months after the hearing date and approximately six weeks after the Opinion and Award of Commissioner Marshall had been filed, and at a time when the case was pending on appeal to the Full Commission. Motions to take additional evidence on appeal before the Full Commission are governed by the general law of this State for the granting of new trials on the grounds of newly discovered evidence. (See Rule XX, § 6 of Rules of the Industrial Commission.) Under our practice, a motion for new trial on the ground of new evidence is addressed to the discretion of the trial judge, and his decision, whether granting or refusing the motion, is not reviewable in the absence of an abuse of discretion. *Frye and Sons, Inc. v.*

*Francis,* 242 N.C. 107, 86 S.E. 2d 790. In the case before us the Superior Court Judge has expressly found that the ruling of the Commission denying the motion was not an abuse of its discretion, and we agree with that ruling.

The judgment of the Superior Court affirming the Opinion and Award of the North Carolina Industrial Commission is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.