JANE CAROLINE WOODALL SHANKLE v. ROBERT JACK
SHANKLE

No. 7515DC189

(Filed 16 July 1975)

1. **Marriage § 2— reputation of plaintiff as married woman — evidence admissible**

    In an action by plaintiff against her former husband seeking to recover alimony allegedly due under a separation agreement entered by the parties where defendant claimed that he was no longer obligated to pay plaintiff alimony by virtue of her remarriage, the trial court erred in excluding certain questions asked of the plaintiff and the parties' 19 year old daughter concerning plaintiff's reputation as the wife of one Rolland Cole.

2. **Husband and Wife § 12— separation agreement — alimony provision — termination upon remarriage — directed verdict improper**

    Trial court erred in granting plaintiff's motion for directed verdict in an action to recover alimony allegedly due under a separation agreement where evidence was sufficient to support defendant's allegation of plaintiff's remarriage.

3. **Divorce and Alimony § 19; Husband and Wife § 12— separation agreement — alimony provision — change in circumstances — finding required**

    In an action to recover alimony allegedly due under a separation agreement between the parties where defendant alleged a change in plaintiff's financial circumstances entitling him to a reduction in alimony, the trial court upon a rehearing should determine whether there has been a change in circumstances and if so whether the change requires or justifies a modification.

4. **Estoppel § 8— remarriage of plaintiff — denial — sufficiency of evidence of estoppel**

    In an action to recover alimony allegedly due under a separation agreement, the trial court did not err in failing to submit to the jury an issue as to whether plaintiff should be estopped to deny that she remarried where defendant contended that he increased the

---

**Shankle v. Shankle**

---

amount of alimony payments only when plaintiff represented to him that she was about to marry one Rolland Cole, shortly thereafter plaintiff obtained her divorce, defendant knew that plaintiff then travelled with or was in Florida with Rolland Cole, but defendant nevertheless continued to make alimony payments to plaintiff for nearly five years.

APPEAL by defendant from *Allen, Judge.* Judgment entered 10 October 1974 in District Court, ORANGE County. Heard in the Court of Appeals 27 May 1975.

This is a civil action instituted by the plaintiff against her former husband seeking to recover amounts allegedly due under a separation agreement entered into by the parties on 13 October 1967, and under an amendment to the separation agreement entered into 2 August 1968. Both agreements were entered into and executed in Orange County, North Carolina, and both agreements were approved in a divorce decree granted to the plaintiff on 23 September 1968 by the District Court for the County of Clark in the State of Nevada. In her complaint filed 17 July 1973, plaintiff alleged that by virtue of these agreements and the decree she was entitled to receive alimony payments of $300 per month from the defendant and that since she had received no payments since December 1972, she was entitled to recover the sum of $2,100 as of 17 July 1973, the date of the filing of the complaint in this action.

By way of answer filed 3 October 1973 defendant admitted that he had entered into a separation agreement and amended separation agreement under which he agreed to pay the plaintiff $300 per month until she remarried or died; that these agreements were "fully incorporated" into the Nevada divorce decree; and that he had not made any alimony payments to the plaintiff since December 1972. Defendant denied, however, that his refusal to make payments since December 1972 was in violation and breach of the separation agreements because: (1) the plaintiff had remarried, and under the terms of the agreements he was no longer required to make any payments, and (2) there had been "a significant change of circumstances as between the plaintiff and the defendant . . . rendering it appropriate that the Court exercise the power granted to it by contractual agreement to amend and revise said Agreement of Separation and the subsequent Amended Separation Agreement as referred to hereinabove so as to delete any contractual requirement or obligation of the defendant to pay alimony to the plaintiff for her support. . . .."

Evidence offered at the trial, viewed in the light most favorable to the defendant, tended to show that in September 1967 the plaintiff met Rolland Cole, and in October 1967, plaintiff and defendant separated and executed a separation agreement calling for monthly alimony payments of $200; that in August 1968 after the plaintiff and Rolland Cole told defendant they intended to be married as soon as possible, the plaintiff and defendant executed an amended separation agreement, increasing the defendant's alimony payments to the plaintiff to $300; that on 23 September 1968 the plaintiff obtained a Nevada divorce from the defendant, that from the time of the separation until 1970 the plaintiff lived with Rolland Cole most of the time, and from 1970 until June 1972 the plaintiff lived continuously with Rolland Cole in a condominium in Palm Beach, Florida; that during this period plaintiff used the name Jane Cole and held herself out as the wife of Rolland Cole at the Pine Tree Country Club and that after Rolland Cole's death the Club allowed her to have a special women's membership which was in the name of Mrs. Jane Cole; that she was known generally at that time as the wife of Rolland Cole; and that plaintiff was with Rolland Cole at the hospital in Hendersonville, North Carolina, during his last illness and she used the name Jane Cole. Other evidence tended to show that after Rolland Cole's death in July 1972, plaintiff continued to use the name of Jane Cole until July 1973 and that under the will of Rolland Cole, plaintiff is to receive income from his entire estate for ten years, and if she is still living ten years after his death, she will receive the entire estate in fee. The estate is worth in excess of $130,000.

At the close of all the evidence the trial court entered a directed verdict for the plaintiff for the sum of $6,600 and the costs of the action. Defendant appealed.

*Allen, Hudson & Wright, by Katherine S. Wright, for plaintiff appellee.*

*Newsom, Graham, Strayhorn, Hedrick, Murray & Bryson, by James M. Tatum, Jr., and Josiah S. Murray III, for defendant appellant.*

MORRIS, Judge.

[1] In his first assignment of error defendant contends that the trial court erred in excluding certain questions asked of the plaintiff and Jill Shankle, the parties' 19-year-old daughter, con-

cerning plaintiff's reputation as the wife of Rolland Cole. Plaintiff, on the other hand, argues that this evidence was properly excluded because: (1) it violated hearsay, opinion and firsthand knowledge rules, (2) the questions dealt with "specific acts" or a "general course of conduct" rather than "general reputation" and (3) the questions addressed to Jill Shankle did not refer to the plaintiff's reputation in the entire community or in the community where Jill Shankle lived. Reputation evidence, however, by its very nature, constitutes hearsay and opinion and is not based on a witness's firsthand knowledge; it is admissible as an exception to the hearsay rule. 5 Wigmore, Evidence 3d, § 1602, pp. 464-466; see McCormick, Evidence 2d, § 324, pp. 748-749. Furthermore, our courts have often held that evidence of a person's reputation for being married is admissible. *Green v. Construction Co.,* 1 N.C. App. 300, 161 S.E. 2d 200 (1968); *Carter v. Reaves,* 167 N.C. 131, 83 S.E. 248 (1914); *Forbes v. Burgess,* 158 N.C. 131, 73 S.E. 792 (1912); *Jones v. Reddick,* 79 N.C. 290 (1878); *Jackson v. Rhem,* 59 N.C. 141 (1860); *Whitehead v. Clinch,* 3 N.C. 3 (1797); *Felts v. Foster,* 1 N.C. 164 (1799); and evidence of "specific acts," the "declarations and conduct of the parties," and "general course of conduct" is admissible under the *Green, Jones, Jackson* and *Felts* cases. The strict rules that have developed concerning the wording of questions with respect to a person's reputation for moral character, for the purpose of impeachment or corroboration of his testimony, have not been applied to questions with respect to a person's reputation for being married. Finally, evidence of general reputation in the family and in the neighborhood in which the parties lived has long been held admissible to prove their marriage. *Carter v. Reaves, supra; Green v. Construction Co., supra;* and *Jackson v. Rhem, supra.* For the foregoing reasons, defendant's first assignment of error is sustained. It is interesting to note that plaintiff herself testified on cross-examination, without objection, that she was known generally as the wife of Rolland Cole.

[2]  Defendant next contends it was error for the trial court to grant a directed verdict to the plaintiff because evidence offered at the trial was sufficient to reach the jury on one or more of the defendant's affirmative defenses. We agree. Plaintiff correctly points out that common law marriage is not recognized in either North Carolina, Florida or Nevada. 1 Lee, N. C. Family Law, § 9, p. 35 and cases cited therein; 21A Fla. Stat. Ann. § 741.211 (1968); Nev. Rev. Stat. § 122.010 (1973). Circum-

stantial evidence, however, may be used to prove a ceremonial marriage in North Carolina, and direct evidence of a ceremony apparently is not required:

> "By the common law . . . in civil cases, except in actions for criminal conversation, . . . reputation, cohabitation, the declarations and conduct of the parties, are competent evidence of marriage between them." *Jones v. Reddick, supra;* accord, 1 Stansbury, N. C. Evidence 2d, § 98, pp. 313-314; 1 Lee N. C. Family Law, § 15, pp. 55-56; *Jackson v. Rhem, supra;* and *Felts v. Foster, supra.*

We conclude there was sufficient evidence to support the defendant's allegation of remarriage. Therefore, it was error for the trial court to grant plaintiff's motion for a directed verdict on this issue.

[3] The defendant next argues there has been a change in plaintiff's financial circumstances, entitling him to a reduction in the amount of alimony. Here there was some evidence to support defendant's assertion that there has been a change in the plaintiff's financial circumstances, and the separation agreement entered into by the parties clearly provides that it may be modified by the trial court. Both the separation agreement and the amended agreement were ratified, confirmed, and approved by the divorce decree and the Nevada court ordered the parties "to do each and every act required by said agreement and amendment thereto." G.S. 50-16.9(a) provides that upon a showing of a change in circumstances the amount of alimony may be modified or vacated at any time upon motion in the cause, that is, upon a motion addressed to the trial judge. The statute does not contemplate that the jury should pass on requests for reductions in alimony because of changed circumstances. The court merely allowed plaintiff's motion for a directed verdict on this defense. From the record we cannot say whether the court was of the opinion that he was without jurisdiction to enter an order with respect to the defense, whether he was of the opinion that the question was one for the jury and the evidence presented by defendant insufficient to present to the jury, or whether he was of the opinion that the determination was for him but that the evidence did not warrant a modification. He found no facts and made no conclusion upon defendant's evidence in support of this defense. Upon a rehearing the court should find whether there has been a change of circumstances

and if so whether the change requires or justifies a modification.

[4]   Defendant's final contention is that he only agreed to execute the amended separation agreement, increasing the amount of alimony, when the plaintiff represented to him that she was about to marry Rolland Cole, and that since this representation proved to be false, plaintiff should be estopped to deny that she remarried, and the issue of estoppel should have been submitted to the jury. We find no merit in this contention and conclude that a directed verdict on this issue was entirely, proper. An estoppel by representation is created when a party reasonably relies upon another party's misrepresentation to his detriment. It is common knowledge that couples sometimes change their minds and call off their planned wedding at the last minute. The record clearly shows that the amended separation agreement was entered into 2 August 1968. Plaintiff obtained her divorce 23 September 1968. Defendant was well aware of the divorce. Subsequent thereto he was also aware that plaintiff was either travelling with or in Florida with Rolland Cole. Nevertheless, he continued the payments of $300 per month until early 1973. During a good part of this time, he mailed the monthly checks to her in Florida. At no time until this action was brought did defendant voice any objection or suggest he should be justified in relying upon plaintiff's representation that she intended to marry Rolland Cole. This assignment of error is overruled.

Reversed and new trial.

Chief Judge BROCK and Judge HEDRICK concur.