JAY LEE WALLACE, EMPLOYEE, PLAINTIFF v. WATKINS-CAROLINA EXPRESS, INC., EMPLOYER, AND AMERICAN MUTUAL LIABILITY INSURANCE CO., CARRIER, DEFENDANTS

No. 7119IC400

(Filed 23 June 1971)

1. Master and Servant § 93— workmen's compensation — credibility of witnesses — duties of Industrial Commission

Although plaintiff's evidence was sufficient to support a finding that he suffered a compensable injury, the Industrial Commission is not bound to accept plaintiff's evidence as true or to infer from it that plaintiff had suffered a compensable injury, for the Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.

2. Master and Servant § 93— workmen's compensation — uncontroverted testimony

The Industrial Commission is not required to accept even the uncontroverted testimony of a witness.

3. Master and Servant § 96— workmen's compensation — findings unsupported by evidence

Where affirmative findings of fact upon which the Commission bases a decision are unsupported by any competent evidence, such findings must be set aside.

4. Master and Servant § 94— workmen's compensation — medical report unrelated to plaintiff

Medical report which shows on its face that it concerns a subject other than plaintiff was not relevant and was incompetent to support the Industrial Commission's finding with respect to injuries suffered by plaintiff in an unrelated accident.

Wallace v. Express, Inc.

5. **Master and Servant § 94— workmen's compensation — finding unsupported by evidence**

Finding by the Industrial Commission that plaintiff returned to work the day following his accident was unsupported by the evidence.

6. **Master and Servant § 94— denial of compensation — findings unsupported by evidence — failure to make crucial findings**

Industrial Commission's conclusion that any injuries sustained by plaintiff were minor, requiring no medical treatment and causing no disability, is set aside where some of the Commission's findings of fact were unsupported by the evidence, and the Commission failed to make crucial findings as to whether back sprains for which plaintiff was hospitalized on two occasions some months after the accident in question resulted from such accident.

APPEAL by plaintiff from the North Carolina Industrial Commission opinion and order of 27 February 1971.

The Industrial Commission denied compensation for injuries sustained by plaintiff in a truck accident arising out of and in the course of his employment. Denial was based upon the conclusion of the Deputy Commissioner, adopted by the Full Commission upon appeal, that "any injuries plaintiff sustained were minor in nature, required no medical treatment, and did not cause plaintiff to sustain any temporary total disability or any permanent disability."

Plaintiff's evidence tended to show that he was injured 29 May 1967 in a collision which occurred while he was driving his employer's truck in New Jersey. Plaintiff returned to North Carolina without receiving medical attention. He experienced pain and remained at home about a week, remaining in bed most of this time. On 25 July 1967 plaintiff consulted his physician, Dr. Hamrick, who referred him to Drs. Sellers and Weaver, orthopedic specialists. Dr. Weaver was of the opinion plaintiff had sustained a sprain of his neck and lumbosacral spine and ordered him to the hospital where he remained from 27 July 1967 through 4 August 1967. Plaintiff was subsequently referred to Dr. Carr at the Miller Clinic in Charlotte. In a letter received into evidence by stipulation, Dr. Carr reported: "This patient had an injury on May 29, 1967. As a result of his painful phenomena, I admitted him to the Charlotte Rehabilitation Hospital on October 26, 1967, and treated him for a sprained back, aggravating a pre-existing spodylarthrosis and arthro-fibrosis of the lumbar spine with surgical ankylosis. After a period of bed rest and conservative treatment, there was some improve-

ment in the situation, and he was discharged on November 17, 1967, wearing a back brace."

Plaintiff related a history of previous back trouble beginning with a slipped disc in 1951. He received a spinal fusion at the Miller Clinic in 1953 and a refusion about three years later. Plaintiff stated that he was dismissed from the care of Miller Clinic in May of 1960, and he denied any difficulty from that time until the accident of 29 May 1967.

Plaintiff appealed to the Full Commission from the order of the Hearing Commissioner denying recovery. The Full Commission adopted as its own the opinion and award of the Hearing Commissioner and plaintiff appealed to this court.

*Williams, Willeford & Boger by John Hugh Williams for plaintiff appellant.*

*Hedrick, McKnight, Parham, Helms, Warley & Jolly by Philip R. Hedrick and Thomas A. McNeely for defendant appellee.*

GRAHAM, Judge.

[1, 2]  Plaintiff's evidence was sufficient to support a finding that he suffered a compensable injury. Even so, the Commission was not bound to accept plaintiff's evidence as true or to infer from it that plaintiff had suffered a compensable injury; for the Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Anderson v. Construction Co.*, 265 N.C. 431, 144 S.E. 2d 272. The Commission is not required to accept even the uncontroverted testimony of a witness. *Anderson v. Motor Co.*, 233 N.C. 372, 64 S.E. 2d 265; *Morgan v. Furniture Industries, Inc.*, 2 N.C. App. 126, 162 S.E. 2d 619.

[3]  However, where affirmative findings of fact upon which the Commission bases a decision are unsupported by any competent evidence, such findings must be set aside. 5 Strong, N.C. Index 2d, Master and Servant, § 96, pp. 488, 489. Plaintiff assigns as error two findings made by the Commission which are unsupported by any competent evidence.

[4]  The Commission found "[p]laintiff had been involved in a vehicle accident on April 27, 1967, for which he received treat-

ment by Dr. William B. Jones of Greenville, South Carolina for injuries to his right leg, left long finger and skull." This finding was obviously based upon a report of Dr. Jones, forwarded to the Commission by defendant's attorney. The report was apparently considered by the Commission after plaintiff's attorney agreed in writing that reports of certain doctors could be admitted with the "question of relevancy" being left to the Commission. It does not appear in the record that plaintiff had been treated by Dr. Jones; nor does it appear why the testimony of Dr. Jones was considered relevant by defendant. At any rate, Dr. Jones' report has as its subject one Ray Wallace of Greenville, South Carolina. Defendant does not dispute the fact that Ray Wallace, age 36 of Greenville, South Carolina, is not the plaintiff, Jay Lee Wallace, who is considerably older and from North Carolina. The report, which shows on its face that it concerns a subject other than plaintiff, was not relevant and therefore it was incompetent to support the Commission's finding with respect to injuries suffered by plaintiff in an unrelated accident.

[5]   The second finding attacked by plaintiff is that "Plaintiff continued to haul for Watkins-Carolina, using his own tractor, beginning May 30, 1967 and continuing for about six weeks." The only evidence concerning when plaintiff returned to driving his truck was his testimony that "[o]ne week after the accident [of 29 May 1967] was when I went back on the truck for the first time." Hence, a positive finding to the effect plaintiff returned to work the day following his accident is unsupported by the evidence.

[6]   Defendant argues that although these findings are erroneous, they are not crucial to the Commission's decision and should therefore be disregarded. The difficulty with this approach is that we are unable to say to what extent, if any, these findings influenced the Commission's final conclusion that any injuries sustained by the plaintiff were minor, requiring no medical treatment and causing no disability.

We further note that the Commission found that Dr. Weaver was of the opinion plaintiff had sustained a sprain of his neck and lumbosacral spine and had him hospitalized from 25 July 1967 to 4 August 1967; also, that Dr. Carr had plaintiff hospitalized from 26 October 1967 to 17 November 1967 for conservative treatment of his sprained back. A crucial question

is whether these sprains resulted from the accident in question. If they did, the Commission's decision is legally unsound. In any event, a finding with respect to this determinative question has not been made. While it is not necessary that the Commission make a finding as to each fact presented by the evidence, *Guest v. Iron & Metal Co.*, 241 N.C. 448, 85 S.E. 2d 596, specific findings must be made with respect to the crucial facts, upon which the question of plaintiff's right to compensation depends. *Pardue v. Tire Co.*, 260 N.C. 413, 132 S.E. 2d 747; *Thomason v. Cab Co.*, 235 N.C. 602, 70 S.E. 2d 706; *Morgan v. Furniture Industries, Inc., supra.*

For the reasons given the case is remanded and the Industrial Commission is directed to make new findings of fact, based on the competent evidence in the record and determinative of all questions at issue.

Error and remanded.

Judges CAMPBELL and BRITT concur.