GILBERT M. SHOOK, JR., PLAINTIFF, v. HERRING CONSTRUCTION CO., INC., EMPLOYER, SENTRY INSURANCE COMPANY, CARRIER

No. 7412IC1044

(Filed 19 March 1975)

1. Master and Servant § 93— workmen's compensation — uncontroverted testimony

   The Industrial Commission is not required to accept as true the uncontroverted testimony of a witness.

2. Master and Servant § 96— workmen's compensation — review of evidence on appeal

   Upon appeal the Court of Appeals does not have the right to weigh the evidence and decide the issue on the weight it gives the evidence.

APPEAL by plaintiff from order of the North Carolina Industrial Commission entered 13 September 1974. Heard in the Court of Appeals 12 March 1975.

The evidence in this claim was heard before Deputy Commisisoner Roney in Fayetteville on 30 April 1974. He entered his award denying compensation on 24 June 1974. Upon appeal the full Commission affirmed the denial of compensation. Plaintiff appealed to this Court.

*William J. Townsend,* for the plaintiff.

*Anderson, Nimocks & Broadfoot, by Hal W. Broadfoot,* for the defendants.

BROCK, Chief Judge.

The crux of plaintiff's argument on appeal is that plaintiff's testimony was the only evidence of how his injury occurred; that plaintiff's testimony supports an award of compensation; and that the Commission erred in denying compensation.

[1, 2] We note that defendant offered considerable evidence which tended to show that plaintiff's testimony was incredible. In any event the Commission is not required to accept as true even the uncontroverted testimony of a witness. *Wallace v. Watkins-Carolina Express, Inc.,* 11 N.C. App. 556, 181 S.E. 2d 767 (1971). Upon appeal this Court does not have the right to

weigh the evidence and decide the issue on the weight given the evidence by this Court. *Hollman v. City of Raleigh,* 273 N.C. 240, 159 S.E. 2d 874 (1968).

Affirmed.

Judges VAUGHN and MARTIN concur.