McPhaul v. Sewell

ODESSA McPHAUL, WIDOW AND GUARDIAN AD LITEM OF OLAS McPHAUL, JR.,
    WILLIE DELORES McPHAUL AND WELDON D. McPHAUL, MINOR
    CHILDREN OF OLAS McPHAUL, DECEASED, EMPLOYEE v. HAROLD
    SEWELL (SEWELL LOGGING COMPANY), EMPLOYER; AMERICAN
    MUTUAL LIABILITY INSURANCE CO., CARRIER.

No. 7710IC561

(Filed 16 May 1978)

1. **Master and Servant § 93.3— expert testimony—rescheduling hearing to permit
   —no abuse of discretion**

    A deputy commissioner of the Industrial Commission did not abuse his
    discretion in granting defendants' motion, made at the close of plaintiff's
    evidence, to reschedule the case for the purpose of allowing defendants to ob-
    tain a medical expert of their choosing.

2. **Master and Servant § 93.2— admissibility of evidence—failure to object—right
   to object waived**

    In a hearing before the Industrial Commission plaintiffs waived their right
    to object to the admissibility of defendants' expert medical testimony by fail-
    ing to object to the admission of the evidence at the time of its introduction.

3. **Master and Servant § 96.5— finding of fact—sufficiency of evidence to support**

    Plaintiffs' contention that a deputy commissioner's finding of fact that
    treatment of deceased for his fractured neck did not cause, accelerate or ag-
    gravate pneumonia was not supported by competent evidence because
    testimony by defendants' witness was not competent and, therefore, the only
    evidence on which the Commission could base its opinion was that of plaintiffs
    is without merit, since plaintiffs had the burden of proving that the pneumonia
    was related to the neck injury, and, even if defendants' evidence was incompe-
    tent, the Commission was not required to take plaintiffs' evidence as true.

APPEAL by plaintiffs from an order of the North Carolina In-
dustrial Commission entered 8 April 1977. Heard in the Court of
Appeals 4 April 1978.

The plaintiffs, deceased's widow and minor children, filed a
claim for death benefits under the Workmen's Compensation Act
alleging that the death of Olas McPhaul from Klebsiella
pneumonia was a proximate and direct result of a logging injury
he suffered while in the employ of Sewell Logging Company. The
plaintiffs and defendants stipulated that the defendant was in-
jured by an accident arising out of and in the course of employ-
ment.

On 20 September 1974, Olas McPhaul, an employee of Sewell
Logging Company, was struck in the back of the head by a falling

McPhaul v. Sewell

tree or branch and sustained an injury which was diagnosed as a fractured dislocation of the cervical spine at C6-C7, the lower part of the neck. Dr. Victor Keranen inserted Crutchfield tongs in an effort to reduce the fracture by putting traction on the fracture site. This method of treatment consisted of drilling holes in the skull, placing tongs in the holes, and then putting weights on the tongs.

Shortly after the application of the Crutchfield tongs, it became apparent that Mr. McPhaul was having difficulty with this method of treatment. He began to remove the weights from the tongs, get out of bed and walk about. Finally, on 23 October 1974, he disconnected the tongs. At this point, Dr. Keranen consulted Dr. James Askins, an orthopedic surgeon, about alternative methods of immobilizing the patient's neck. On 22 November 1974, Dr. Askins applied a Minerva cast. A Minerva cast is a plaster cast which begins below the chin and extends around the ear to the back of the head and then down to the pelvis.

Olas McPhaul was discharged from the hospital on 29 November 1974, but he remained in the Minerva cast. On 9 January 1975, he was taken to the emergency room of Cape Fear Valley Hospital where the Minerva cast was ordered removed by Dr. Askins. Dr. Askins' examination of Mr. McPhaul revealed that he was in severe respiratory distress with little or no ability to cough. Dr. Harry Garison, a cardiologist, was called in by Dr. Askins for consultation and assistance in the treatment of Mr. McPhaul. Tests revealed that Mr. McPhaul was suffering from Klebsiella pneumonia. Olas McPhaul died on 6 February 1975 and Dr. Garison, the treating physician, listed Klebsiella pneumonia as the cause of death on the death certificate.

The case was brought on for a hearing before Deputy Commissioner Ben E. Roney, Jr., and plaintiffs offered evidence from Doctors Keranen, Askins, and Garison which tended to show that the Minerva cast rendered the deceased more susceptible to pneumonia and, if pneumonia was contracted, would aggravate the patient's condition. At the close of the plaintiffs' evidence, defendants' attorney asked if he could transcribe the medical expert opinion testimony relating to the cause of death in order to present such evidence to a physician of defendants' choice for an independent opinion as to whether the neck injury was related to

the cause of death. Over plaintiffs' objection, the request was granted, and the case was reset for the offering of expert testimony on behalf of the defendants. Defendants obtained Dr. Arthur Davis, an anatomical pathologist, as an expert witness, and he testified that, in his opinion, there was no relationship between the death of Olas McPhaul and the application of the Minerva cast.

Deputy Commissioner Roney, in an order dated 3 May 1976, found that the treatment received by deceased after his injury "was not the probable cause of his untimely demise either as a direct causative factor of Klebsiella pneumonia or as an indirect causative factor, by way of material aggravation or acceleration of Klebsiella pneumonia." He concluded the plaintiffs' claim was not compensable.

Plaintiffs appealed the ruling of the Deputy Commissioner to the full Commission and it affirmed Deputy Commissioner Roney's ruling on 8 April 1977. Plaintiffs appealed to this Court.

*McLeod and Senter, by Joe McLeod, for plaintiff appellants.*

*Teague, Johnson, Patterson, Dilthey and Clay, by Dan M. Hartzog, for defendant appellees.*

WEBB, Judge.

[1]   Plaintiffs first assign as error Deputy Commissioner Roney's rescheduling of the case at the close of the plaintiffs' evidence. Plaintiffs argue that they were greatly prejudiced by staking out their case and then having Deputy Commissioner Roney keep the suit open for defendants to obtain a medical expert of their choosing. We do not believe the rescheduling of the case constitutes error. The Legislature empowered the Industrial Commission to make rules in so far as they are not inconsistent with the Workmen's Compensation Act, G.S. 97-80. Rule XVI of the Rules of the Industrial Commission, applicable at the time of the hearing, provided in part that the "postponement or continuance of a duly scheduled hearing will rest entirely in the discretion of the Commission." We find no abuse of discretion in Deputy Commissioner Roney's actions. *See also Green v. Eastern Constr. Co.,* 1 N.C. App. 300, 161 S.E. 2d 200 (1968); *Mason v. North Carolina Highway Comm.,* 273 N.C. 36, 159 S.E. 2d 574 (1968).

McPhaul v. Sewell

[2] Plaintiffs next contend that the expert testimony by defendants' witness, Dr. Arthur Davis, was improper, incompetent and inadmissible. Specifically, plaintiffs object to Dr. Davis' testimony on the grounds that his opinions were not based on his personal knowledge or observation of deceased as a patient or on proper hypothetical questions addressed to him. *See State v. David*, 222 N.C. 242, 22 S.E. 2d 633 (1942); *State v. DeGregory*, 285 N.C. 122, 203 S.E. 2d 794 (1974). Without deciding whether the testimony of Dr. Davis was elicited by proper hypothetical questions, we hold that plaintiffs have waived their right to object to the admissibility of defendants' evidence by failing to object to the admission of the evidence at the time of its introduction. *Maley v. Thomasville Furniture Co.*, 214 N.C. 589, 200 S.E. 438 (1938); *Steelman v. Benfield*, 228 N.C. 651, 46 S.E. 2d 829 (1948). During direct examination of Dr. Davis by defendants' attorney, the hypothetical question asked Dr. Garison by plaintiffs' attorney at the initial hearing was read to Dr. Davis along with a series of other questions designed to attack the plaintiffs' expert testimony and offer an alternative conclusion as to the relation between the Minerva cast and Klebsiella pneumonia. Plaintiffs' attorney did not object to any specific questions or line of questions. Even if the testimony of Dr. Davis should have been excluded upon timely objection, the plaintiffs' failure to object entitles the evidence to be considered for whatever probative value it may have. *Reeves v. Hill*, 272 N.C. 352, 158 S.E. 2d 529 (1968).

[3] Finally, plaintiffs contend that the Deputy Commissioner's finding of fact No. 16, that the treatment of deceased for his fractured neck did not cause, accelerate or aggravate Klebsiella pneumonia and the conclusion that the claim was not compensable, is not supported by competent evidence. It is settled in this State that if findings of fact are supported by competent evidence in the record, the courts upon appeal are bound by those findings. *Thomason v. Cab Co.*, 235 N.C. 602, 70 S.E. 2d 706 (1952). However, it is plaintiffs' argument that the testimony of Dr. Davis was not competent and, therefore, the only evidence from which the Commission could base its opinion was that of plaintiffs. Assuming, *arguendo*, that Dr. Davis' testimony was improper and should not have been considered, it does not necessarily follow that plaintiffs' claim is compensable. The plaintiffs had the burden of proof to show that the Klebsiella pneumonia was related to the

Bailey v. Matthews

neck injury. *Matthews v. Carolina Standard Corp.*, 232 N.C. 229, 60 S.E. 2d 93 (1950). If the Deputy Commissioner did not believe the plaintiffs' evidence he should have held against them. The Commission sits as the trier of fact in workmen's compensation proceedings and it is the sole judge of the credibility of witnesses. *Blalock v. Roberts Co.*, 12 N.C. App. 499, 183 S.E. 2d 827 (1971). Uncontroverted testimony of a witness does not have to be accepted as true. *Shook v. Construction Co.*, 25 N.C. App. 231, 212 S.E. 2d 413 (1975). Even though the record may contain evidence which would support a contrary finding, "[u]pon appeal this Court does not have the right to weigh the evidence and decide the issue on the weight given the evidence by this Court." *Shook v. Construction Co.*, *supra*. It may be that Deputy Commissioner Roney found the evidence of plaintiffs untruthful or unpersuasive and thus denied plaintiffs' claim. Yet, whatever Deputy Commissioner Roney's and the full Commission's reasons were for denying the claim, we cannot, from the record in this case, hold that it was error to deny plaintiffs' claim without usurping the Commission's province as fact finder.

Due to the decision we have reached in this opinion, we will not address the cross-assignments of error raised by defendants.

Affirmed.

Judges PARKER and VAUGHN concur.