Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS from the Opinion and Award of the Deputy Commissioner the following
FINDINGS OF FACT
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer is self insured with Associated Risk Services, Inc. as the servicing agent.
4. Plaintiff's average weekly wage was $280.64, which yields a compensation rate of $187.09 per week.
5. On August 18, 1992, plaintiff suffered a specific traumatic incident arising out of and in the course of his employment while lifting a drum which resulted in an injury to his back. The specific traumatic incident in question was verified by his supervisor, who asked him to move the drum.
6. Plaintiff properly reported said incident to his supervisors and sought medical treatment.
7. Based on the Deputy Commissioner's evaluation and the evidence of record, plaintiff's testimony regarding the extent of his disability is not accepted as credible.
8. As a result of plaintiff's injury, he was temporarily totally disabled from August 19, 1992, through October 10, 1992, when he was able to perform gainful employment. The employer actually provided employment within the plaintiff's restrictions, but discharged him when it was learned that he had exaggerated his symptoms.
9. Plaintiff may need further medical treatment and is entitled to further medical evaluation.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. Plaintiff was temporarily totally disabled as a result of injury by accident on August 18, 1992, and he is entitled to temporary total disability benefits at the rate of $187.09 per week from August 29, 1992, through October 10, 1992, when he was capable of earning wages. N.C.G.S. § 97-29.
2. Since the credible evidence in the case shows that plaintiff was capable of earning wages after October 10, 1992, he is not entitled to further temporary total disability benefits after that date. N.C.G.S. § 97-29.
3. The Industrial Commission is the sole judge of the credibility of witnesses, and need not accept even the uncontroverted testimony of a witness. Wallace v. WatkinsCarolina Express, 11 N.C. App. 556. 181 S.E.2d 767 (1971).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay plaintiff temporary total disability benefits at the rate of $187.09 per week from August 19, 1992, through October 10, 1992.
2. An attorney's fee in the amount of twenty-five (25) percent of the award to plaintiff is hereby approved for plaintiff's counsel. Said amount shall be deducted from the aforesaid award and paid directly to plaintiff's counsel.
3. Defendants shall pay the costs due the Commission.
 S/ _________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________ FORREST H. SHUFORD, II DEPUTY COMMISSIONER
S/ _________________ COY M. VANCE DEPUTY COMMISSIONER
JRW/rch