Before the Full Commission, the plaintiff complains that he was unfairly surprised by a surveillance videotape presented by the defendants at the hearing that showed him in physical activities, without apparent discomfort, that contradicted his testimony. In light of the evidence and the outcome, plaintiff was not unfairly prejudiced by the admission of the videotape.
However, a better practice would be to treat a surreptitious video purporting to show a claimant's capacity for physical activity as any other item of documentary evidence — that is, allowing plaintiff to obtain a copy through discovery or during exchange of documents when a pre-trial order is prepared — with the accommodation to the defendant, if requested, of allowing a deposition of the claimant concerning his or her physical condition (only) prior to providing the copy. Cogent reasons for this method were offered by Judge Charles J. McCotter, Jr., U.S. Magistrate, in his order filed May 19, 1994 in Smith v. CSXTransportation, Inc., No. 93-373-CIV-5-F, E.D.N.C., Raleigh Div. (Lawyers Weekly No. 4-02-0799), and it has been used on a number of occasions since by our Deputy Commissioners. In the Smith
case, defendant sought to protect from discovery a surveillance tape of a back injury claimant on the legal grounds that it was obtained solely for impeachment purposes and that it constituted work product, with the stated concern that disclosure would "allow plaintiff to conform his trial testimony to the surveillance". Under the applicable federal rules, as under North Carolina's, items in these categories can be discovered, particularly when they cannot otherwise be obtained and go to significant issues in the case. R.Civ.Pro. 26(b)(1) and (3). In a disability case, as Judge McCotter observed, evidence which "purports to show a plaintiff's actual physical condition and abilities is of ultimate importance". This method encourages the plaintiffs' candor about their condition generally (rather than just the few minutes captured on tape), avoids "trial by ambush", and allows the scrutiny and impeachment to which all other species of evidence are subject. Broad discovery and opportunity to fairly meet the opposing party's evidence are primary objectives of the civil rules under which the State and Federal trial courts have operated since the early '70s, and they have proven most conducive to the process of finding the truth. This method is consistent with modern discovery practice, while recognizing "the uniqueness and importance of the surveillance materials and their potential in expediting resolution" in disability cases. Smith, at slip opin. p. 4.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS from the Opinion and Award of the Deputy Commissioner the following
 FINDINGS OF FACT
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer is self insured with Associated Risk Services, Inc. as the servicing agent.
4. Plaintiff's average weekly wage was $280.64, which yields a compensation rate of $187.09 per week.
5. On August 18, 1992, plaintiff suffered a specific traumatic incident arising out of and in the course of his employment while lifting a drum which resulted in an injury to his back. The specific traumatic incident in question was verified by his supervisor, who asked him to move the drum.
6. Plaintiff properly reported said incident to his supervisors and sought medical treatment.
7. Based on the Deputy Commissioner's evaluation and the evidence of record, plaintiff's testimony regarding the extent of his disability is not accepted as credible.
8. As a result of plaintiff's injury, he was temporarily totally disabled from August 19, 1992, through October 10, 1992, when he was able to perform gainful employment. The employer actually provided employment within the plaintiff's restrictions, but discharged him when it was learned that he had exaggerated his symptoms. Plaintiff was capable of greater physical activity than the restrictions specified by his physician, which were based in part on plaintiff's complaints.
9. Plaintiff may need further medical treatment and is entitled to further medical evaluation.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following additional
 CONCLUSIONS OF LAW
1. Plaintiff was temporarily totally disabled as a result of injury by accident on August 18, 1992, and he is entitled to temporary total disability benefits at the rate of $187.09 per week from August 29, 1992, through October 10, 1992, when he was capable of earning wages. N.C.G.S. § 97-29.
2. Since the credible evidence in the case shows that plaintiff was capable of earning wages after October 10, 1992, he is not entitled to further temporary total disability benefits after that date. N.C.G.S. § 97-29.
3. The Industrial Commission is the sole judge of the credibility of witnesses, and need not accept even the uncontroverted testimony of a witness. Wallace v. WatkinsCarolina Express, 11 N.C. App. 556. 181 S.E.2d 767 (1971).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Defendants shall pay plaintiff temporary total disability benefits at the rate of $187.09 per week from August 19, 1992, through October 10, 1992.
2. An attorney's fee in the amount of twenty-five (25) percent of the award to plaintiff is hereby approved for plaintiff's counsel. Said amount shall be deducted from the aforesaid award and paid directly to plaintiff's counsel.
3. Defendants shall pay the costs due the Commission.
 S/ ________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ______________________ FORREST H. SHUFORD, II DEPUTY COMMISSIONER
S/ ______________________ COY M. VANCE DEPUTY COMMISSIONER
JRW/RCH/md
1/26/95